EL PUEBLO DE PUERTO RICO
Recurrido

v.

RAUL GONZALEZ DIAZ
Peticionario

Núm. KLCE-98-00175

San Juan, Puerto Rico, a 19 de marzo de 1998

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Giménez Muñoz y Miranda De Hostos.

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Nuevamente se trae a la atención de este Tribunal la controversia en torno a si, antes de celebrarse la vista preliminar, un imputado de delito tiene derecho al descubrimiento de la prueba que sirvió de base en la determinación de causa probable para su arresto, cuando ésta se efectuó en ausencia.

El tribunal recurrido denegó la solicitud de descubrimiento en esa etapa. En su resolución determinó que las circunstancias de este caso no presentan violación constitucional que amerite desvirtuar el propósito de la vista preliminar.

Reconoció dicho tribunal la divergencia de opiniones entre Paneles de este Tribunal respecto al asunto. Varios han sostenido que el Ministerio Fiscal tiene que entregar al imputado las declaraciones juradas en que se basó la determinación de causa para arresto antes de la vista preliminar, cuando la vista de esa determinación se celebró en ausencia, bajo el fundamento del debido proceso de ley. ▆ Por otro lado, otros Paneles han resuelto que no se tiene el derecho al descubrimiento de prueba a esa etapa y en esas circunstancias. ▆ Bajo la situación fáctica y procesal del caso ante nuestra consideración, compartimos ese criterio denegatorio y, por ende, resolvemos que no procede la expedición de este recurso.

## I

Contra el peticionario, Sr. Raúl González Díaz, se determinó causa probable en ausencia por violaciones a los artículos 99, 103, 105 y 110 del Código Penal de Puerto Rico. Señalada la vista preliminar, el peticionario solicitó se ordenara al Ministerio Fiscal la entrega de las declaraciones juradas, las fotografías, y las evaluaciones siquiátricas utilizadas en la determinación de causa probable. Fundamentó su petición en que al ser presentados unos documentos en la vista de determinación de causa para arresto, perdieron el carácter confidencial del sumario fiscal y que de haber estado presente los hubiese obtenido, bajo el debido proceso de ley. El tribunal denegó dicha solicitud, decisión de la cual se recurre.

Plantea el peticionario, en síntesis, que toda vez que los delitos sexuales imputados y la alegación de que lo fueron en mujer incapacitada para consentir legalmente requieren elementos probatorios específicos, el tribunal erró en no ordenar la entrega de los documentos que dieron base a la determinación de causa para arresto. Argumenta que al haberse determinado causa en ausencia se le privó de estar asistido de abogado, contrainterrogar testigos y ofrecer prueba a su favor, en violación del debido proceso de ley. Finalmente, alega que el debido proceso de ley impide que se enfrente a la vista preliminar sin conocer el contenido de la prueba pericial y sin que pueda prepararse para refutarla.

El Procurador General plantea que el peticionario no tiene derecho en esa etapa procesal al reclamo de descubrimiento de prueba. Tiene razón.

## II

Al examinar el planteamiento del debido proceso de ley, según expresado por el peticionario hemos de considerar, en primer término, si nuestro ordenamiento procesal le deja desprovisto de cuestionar la determinación de causa probable, por no habérsele facilitado la documentación en la etapa requerida o si medió violación constitucional por la negativa al descubrimiento. Enfocamos así la controversia porque ni la ley, ni la jurisprudencia le reconocen el derecho que reclama, y no existe, al amparo de la Constitución del Estado Libre Asociado de Puerto Rico, ni de la Constitución de los Estados Unidos, un derecho constitucional al descubrimiento de prueba en los procesos penales. *Weatherford v. Bursey,* 429 U.S. 545, 559 (1977); *Pueblo v. Cancel Hernández,* 111 D.P.R. 625, 628 (1981).

Sí se ha resuelto que la cláusula del debido proceso de ley requiere que el Estado descubra antes del juicio cierta evidencia, no relacionada con el presente caso, por ejemplo, la evidencia exculpatoria, aun cuando no se hubiere solicitado por el acusado. Véase *United States v. Agurs,* 427 U.S. 97 (1976); *Brady v. Maryland,* 373 U.S. 83 (1963) y en Puerto Rico, *Pueblo v. Rodríguez Sánchez,* 109 D.P.R. 243 (1979).

La cuestión de derecho objeto del recurso fue resuelta por el Tribunal Supremo de Puerto Rico en *López v. Tribunal Superior,* 79 D.P.R. 498 (1956) en el cual se denegó el derecho de un imputado a solicitar del Fiscal la entrega de las declaraciones juradas que tuvo ante sí el magistrado para expedir la orden de arresto, con el propósito de impugnar la existencia de causa probable. En dicho caso se reafirmó el carácter privado de la investigación fiscal, aún después de que a los fiscales se les privó, a partir de nuestra Constitución, de la facultad de determinar causa probable para arresto.

Aunque esa norma no ha sido revocada, conviene repasemos si el ordenamiento procesal penal hoy vigente da base para la variación de ese enfoque, en consideración a los planteamientos bajo examen.

La norma constitucional que exige, como requisito esencial para que se expida una orden de arresto, que se haga una determinación judicial de causa probable apoyada en juramento o afirmación, está estatuida en la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

Bajo la Regla 6(a) un magistrado está legítimamente facultado para determinar causa probable para arrestar de una de estas tres formas: a base de la denuncia, a base de las declaraciones juradas que se unan a las denuncias, o a base del examen bajo juramento de un testigo con conocimiento personal de los hechos. Su determinación podrá estar fundada en una declaración por información o creencia con *"suficiente garantía de confiabilidad"*. El magistrado está autorizado a determinar causa probable en una vista donde el imputado no esté presente, fundada en el examen de la prueba sometida por el Fiscal.

Cabe aquí señalar que el peticionario hace hincapié en que la aludida determinación en su caso fue hecha en ausencia, lo que le colocó en desventaja al desconocer la prueba. No tenemos elementos de juicio para considerar los motivos o fundamentos del Fiscal para someter el caso en ausencia, opción que permiten las Reglas. Nos limitamos a señalar que la aludida práctica ha provocado cuestionamientos válidos, como el siguiente: *"Lo grave es la falta de criterios o indicadores para la determinación de cuándo se somete el caso en ausencia del imputado y cuándo se le avisa a éste o se le invita a comparecer."* E. Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Vol. III, 1993, pág. 26.

Si bien es cierto que en la vista de la Regla 6 el imputado tiene derecho a estar asistido de abogado, a contrainterrogar los testigos en su contra y a ofrecer prueba a su favor, nada hay que implique que al permitir dicha Regla que se haga la determinación en ausencia se han violado esos derechos. La razón de por qué en la etapa de vista de determinación bajo la Regla 6 se reconocieron los derechos allí mencionados queda claramente expuesta en la sentencia de 17 de enero de 1996 de este Tribunal en el caso *Pueblo v. Morales Rivera* (KLCE9591021), suscrita por el Hon. Hiram Sánchez Martínez. En síntesis, allí se relata que en virtud de leyes adoptadas en 1987-88 la vista de determinación de causa probable para arresto se convirtió en una vista preliminar siempre y cuando el sospechoso comparecía representado por abogado y se presentaban a declarar testigos con conocimiento personal de los hechos. ■ Si el sospechoso no acudía, tenía derecho a que se celebrara la vista preliminar ordinaria. Las personas sometidas a cualesquiera de esas vistas, la de causa probable para arresto y acusación o la vista preliminar ordinaria, tenían idénticos derechos, incluyendo el obtener las declaraciones juradas de los testigos que declarasen en la vista. En 1990, se restableció el procedimiento de determinación de causa probable para el arresto, ■ según contemplado antes de 1987, ante el fracaso de la reforma. Se ha comentado que, eliminado el esquema antes descrito, debió eliminarse también los derechos a que alude la Regla 6(a). E. Chiesa, *ob. cit.*, Vol. III, pág. 26.

El hecho de que permaneció la potestad del Fiscal de someter el caso en ausencia, demuestra que a pesar de los derechos que permanecieron estatutariamente concedidos al sospechoso en la vista de determinación de causa probable, ésta no es una de carácter adversativo. Bajo la Regla 6 la causa probable se refiere a la probabilidad de que se cometió un delito y que fue cometido por la persona cuyo arresto se ordena. El Fiscal no tiene que presentar toda su prueba, sino aquella que cumpla con lo anterior y no hay obligación de descubrir a esa etapa la presentada.

Sobre la próxima etapa procesal, la vista preliminar, ha habido amplia discusión respecto a su alcance, si de carácter limitado o no. Por su naturaleza, su función básica es la determinación de causa probable para creer que se ha cometido un delito y que éste se ha cometido por el imputado. Los derechos a esa etapa que se reconocen al imputado bajo la Regla 23 de Procedimiento Criminal son: al contrainterrogatorio de testigos de cargo, a presentar prueba de defensa, y al ser requerido por la defensa, el Fiscal deberá poner a su disposición las declaraciones juradas de aquellos testigos que hayan declarado en la vista preliminar. De esta manera, se salvaguarda el derecho de impugnar la credibilidad del declarante en la vista. *Pueblo v. Ribas*, 83 D.P.R. 386 (1986).

A esta etapa de vista preliminar, el Fiscal no tiene tampoco que presentar toda su prueba. Por tanto, el descubrimiento de prueba está limitado a lo que permite la Regla 23.

La contención del peticionario de que se requiere la entrega de la documentación que dio base a la

determinación de causa probable para estar preparado para la vista preliminar, desvirtúa el propósito de ésta, según contemplado en las Reglas y en la jurisprudencia. El Tribunal Supremo ha ido delimitando su carácter, para desvirtuar la concepción de que se trata de un mini juicio. *Pueblo v. Rivera Rodríguez*, __ D.P.R. __ (1995), **95 J.T.S. 36,** pág. 746 y otros. Por tanto, las bases en que descansa el peticionario para apoyar su reclamo, no están sustentadas por nuestro estado de derecho.

En la etapa anterior al juicio, el descubrimiento en lo que respecta a la prueba para la determinación de causa para el arresto, abarca lo siguiente. La Regla 95 de Procedimiento Criminal permite al acusado, en cualquier momento después de haberse presentado la acusación o denuncia, inspeccionar, copiar o fotocopiar determinada información en posesión o control del Fiscal, incluyendo:

*"(2) Cualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para determinación de causa para el arresto o citación, en la vista preliminar, en el juicio o que fueran renunciados por el Ministerio Fiscal y los récords de convicciones criminales previos de éstas."*

Surge claramente de la mencionada regla que el derecho al descubrimiento de prueba allí dispuesto prodede una vez se ha presentado el pliego acusatorio. En los casos menos graves, éste consiste en la denuncia y en los graves, en la acusación. Regla 34 de Procedimiento Criminal.

Por tanto, el derecho del imputado a las declaraciones juradas de los testigos de cargo antes de que éstos declaren en el juicio, procede si éstos han declarado en la vista de causa probable para el arresto o en la vista de causa probable para acusar. *Pueblo v. Rodríguez Aponte, supra*, E. Chiesa, *ob. cit.*, sección 28-2, pág. 329.

No hay, pues, requisito constitucional ni estatutorio que requiera lo solicitado por el peticionario a esa etapa.

Además, el ordenamiento procesal penal le provee garantías para salvaguardar los derechos que reclama. Aparte del descubrimiento de prueba en las etapas apropiadas, la impugnación de la validez de la determinación de causa probable cuenta con los mecanismos correspondientes. La vista preliminar tiene el efecto de revisión inmediata de la determinación de causa probable para el arresto. Por otra parte, la determinación de causa probable en vista preliminar es revisable bajo la Regla 64(p) de Procedimiento Criminal.

Si bien como hemos señalado, hay válidos cuestionamientos para la celebración de la vista en ausencia dispuesta en la Regla 6, sin criterios para su justificación, permitir lo solicitado por el peticionario como respuesta a esa situación trastocaría el orden procesal penal. Esa apreciación se basa en cuanto a que lo pedido presupone que se puede impugnar o controvertir toda la prueba que el Fiscal presentó para determinación de causa para arresto en la vista preliminar, añade un carácter altamente contencioso a la vista preliminar, contrario a la orientación y tendencia jurisprudencial, atenta contra los postulados de un juicio rápido, de interés tanto del acusado como del Estado, inserta procedimientos entre la vista de determinación de causa probable para arresto y la vista de determinación de causa para acusar, no contemplados estatutariamente, desvía el propósito de las etapas procesales iniciales - que es si se cometió un delito y si el imputado lo cometió. Esas y otras consecuencias en ausencia de circunstancias constitucionales que sustenten el descubrimiento solicitado por el peticionario y cuando éste tiene los remedios para garantizarle los derechos que reclama, nos mueven a dejar inalterado lo dispuesto por el tribunal en la resolución recurrida.

## III
En virtud de todo lo anterior, se deniega la solicitud de auxilio de jurisdicción y el recurso. Continúense los procedimientos en Instancia.

Notifíquese inmediatamente a las partes y al tribunal por facsímil y por la vía ordinaria.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

ESCOLIOS 98 DTA 133

1. *Pueblo v. Vázquez Delgado,* Núm. KLCE-95-00852, resolución de 31 de octubre de 1995 y *Pueblo v. Vargas Rivera,* Núm. KLCE9500631, resolución de 22 de septiembre de 1995, ambos del Panel I, Circuito VI (Caguas, Humacao, Guayama); *Pueblo v. Rodríguez Acosta,* KLCE9500015, sentencia de 20 de octubre de 1995, Circuito VII (Carolina, Fajardo).

2. *Pueblo v. Rivera Rivera, etc.,* Núm. KLCE-95-00632, sentencia de 17 de noviembre de 1995, Panel II, Circuito VI, (Caguas, Humacao, Guayama); *Pueblo v. Morales Rivera y otros,* Núm. KLCE9501021, sentencia de 17 de enero de 1996, Panel I, Circuito V (Ponce); *Pueblo v. Pinto Rodríguez y Colón Osorio,* Núm. KLCE-96-00585 y Núm. KLCE-96-00605, sentencia de 30 de agosto de 1996, Circuito I, (San Juan); *Pueblo v. Díaz Fontanez,* Núm. KLCE-96-00472, sentencia de 16 de septiembre de 1996, Panel II, Circuito I (San Juan).

Los recursos Núm. KLCE-95-01021 y Núm. KLCE-95-00632 se encuentran sometidos ante la consideración del Tribunal Supremo.

3. Ley Núm. 29 de 19 de junio de 1987; Ley Núm. 58 de 1ro de julio de 1988.

4. Ley Núm. 26 de 8 de diciembre de 1990.