THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WILLIAM S. GARRISON, PAUL HARDIMAN, FRANK McELHATTAN AND WILLIAM HUGHES, PLAINTIFFS IN ERROR.

Argued May 4, 1943—Decided July 20, 1943.

Before BROGAN, CHIEF JUSTICE, and Justice BODINE.

For the state, *Arthur C. Dunn.*

For the plaintiffs in error, *Nicholas O. Beery.*

The opinion of the court was delivered by

BODINE, J. The plaintiffs in error were convicted of a conspiracy to commit the crimes set forth in the indictment. The criminal activities charged broadly involve the misuse of their position as members of the Board of Aldermen of the

City of Paterson. It was charged that they were corruptly instrumental in refusing a junk yard license and in changing and altering junk yard ordinances. The case was purely one of fact and was, we think, properly submitted to the jury. If they believed the witnesses called by the state they must have found as they did.

The first point made for a reversal is error in denying the request made on motion to quash the indictment to submit affidavits indicating that the foreman of the grand jury was not present in the grand jury room during its deliberations and while testimony to support the indictment was given.

A motion to quash an indictment is addressed to the discretion of the court, and a denial thereof is not reviewable on strict writ of error or under section 136 of the Criminal Procedure Act now *R. S.* 2:195–16. *State* v. *Pisaniello,* 88 *N. J. L.* 262; *State* v. *Haimowicz,* 125 *Id.* 526. The indictment before us is not insufficient on its face. See *State* v. *Borg,* 9 *N. J. Mis. R.* 59. The trial court and this court are in no way concerned with the sufficiency or the insufficiency, the competency or incompetency of the testimony before the grand jury. *State* v. *Dayton,* 23 *N. J. L.* 49; *State* v. *Borg,* 8 *N. J. Mis. R.* 349, 705. The defendant in a criminal case has no right to be informed of the evidence on which the grand jury acted. It is the grand jurors' responsibility to consider the matter and not the function of the court to review the basis for their action, except in case of misconduct.

Suffice it that the facts charged in the indictment constitute a crime. Even though the foreman of the grand jury, or in his absence, one selected by the court has power to administer an oath to witnesses, *R. S.* 2:89–1–2, it is not incumbent that witnesses before a grand jury be sworn. There is no standard laid down in the law for the procedure of that body.

It is argued that the indictment was insufficient in that it did not specify all the acts of the conspirators, but it is sufficient in that it alleges enough facts with particularity to constitute the crime charged.

It seems that the trial court could not have directed the acquittal of the defendants. The argument is made that the

indictment should have included a man named Cheifitz, who was not one of the Board of Aldermen of the City of Paterson, but was a junk dealer who had raised the money said to have been used to corrupt the plaintiffs in error who held the offices of aldermen. There is no point in this. Even though Cheifitz may have been guilty of some crime the grand jurors were not bound to include him within the four corners of this indictment, which charged those who held the office of aldermen with the crime of corruptly conspiring to accept money to influence their action in passing ordinances and denying licenses.

As before noted, the proofs and the weight thereof were clearly for the jury. We may not substitute our judgment for theirs, and there is nothing in the record to show that the verdict was the result of mistake, passion, prejudice or partiality. The proofs were voluminous and support the verdict.

A conspiracy may be proved by overt acts done in pursuance thereof. The proofs show that Cheifitz collected the bribe money from other junk dealers and that he paid part of it to Garrison, when he, Hughes and Hardiman came to his office. The proofs also show that McElhattan accompanied Garrison to Cheifitz's home, when Garrison collected further sums of money, and there was testimony by one Dutcher that with Garrison he had visited Hardiman's home and had seen him pay money to him. There was also testimony by Aldermen Rhodes, Labaugh and Small that when Garrison in a caucus spoke concerning the passage of the questioned ordinance he said that he had collected money in order to pay it to those who went along. Plaintiffs in error voted for the questioned ordinance and after its veto by the mayor there was proof that Garrison had stated that the boys would have to return the money which he had collected from the junk dealers.

If the jury believed such testimony they could not do otherwise than find the plaintiffs in error guilty as charged.

We have considered all other grounds urged for a reversal and find no merit in them.

The judgments will be affirmed, with costs.