## UNITED STATES v. WARREN.

Cr. No. 7269.

District Court, D. Connecticut.

Jan. 4, 1944.

436

Robert P. Butler, U. S. Dist. Atty., and Milton Nahum, Asst. U. S. Dist. Atty., both of Hartford, Conn., for the United States.

William L. Hadden and Walton E. Cronan, both of New Haven, Conn., for defendant.

SMITH, District Judge.

The indictment in this case charges the sending through the mails of a threatening letter contained in a certain package. Defendant alleges that he has learned through rumor and press reports, presumably emanating from statements by government agents, that the package referred to in the indictment contained a rat-trap, cartridges, paper, twine or other binding material, and writing or printing, which the government will seek to trace to the defendant. He moves for permission to examine the contents of the package and to obtain photostats of the writing and printing. The government has no objection to furnishing photostats of the writing or printing of the letter and of the address on the package and of the twine. It does, however, object to examination of the other articles enumerated as an unfair disclosure of government evidence prior to trial.

■■ The courts have refused motions for inspection where they have appeared to be in the nature of fishing expeditions to obtain the evidence in the possession of the prosecution. The reason for refusal appears frequently to be the desire to avoid opportunity for tampering with government witnesses and fabrication of evidence by the defense. Where the writings sought are directly involved in the commission of the alleged crime, and where other tangible objects are involved, the present-day trend, however, appears to be toward liberality in the granting of inspection. See Rule 19 of the Proposed Federal Rules of Criminal Procedure, Preliminary Draft; Wigmore 3rd Edition 1940, Sections 1859(g) and 1863; Florida Laws 1939, Chapter 19554, Section 154, F.S.A. § 909.18.

The nature of the evidence sought to be inspected here seems to raise no serious possibility of either of the dangers guarded against, tampering with witnesses or fabrication of evidence by the defense. Moreover, here the sending of the package itself is charged in the indictment and defendant must be prepared to meet proof of the source of the articles which make up package and contents. Refusal of inspection might well create a situation in which fairness would require adjournments or delays in the course of trial.

■ The motion for permission to examine the evidence enumerated is granted. Inspection may be had in the presence of a representative of the United States District Attorney at the office of the Clerk of the Court on five days' notice, unless another time and place shall be agreed upon. Defendant may be permitted to have present an expert or experts at the inspection.