JUAN LÓPEZ OLIVO, Petitioner v. SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, PABLO JUAN Y TORO, JUDGE, Respondent.

No. 2146. Argued May 9, 1956.—Decided June 27, 1956.

*Félix Ochoteco, Jr.* for petitioner. *Rafael L. Ydrach Yordán, Fiscal of the Supreme Court,* for The People.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On August 28, 1954, a judge of the Superior Court of Puerto Rico issued a warrant for the arrest of petitioner herein, to answer for an alleged violation of Act No. 220 of May 15, 1948 (Sess. Laws, p. 738), known as the *Bolita* Act. 33 L.P.R.A. § 1247. The arrest having been executed on that day, the defendant furnished the required $3,000 bail bond.

On October 8, 1954, the corresponding information was filed. The defendant appeared on the date set for arraign-

ment and, before answering, moved for an order directing the prosecuting attorney to furnish to his attorney each and every one of the affidavits which this officer submitted to the consideration of the magistrate who issued the warrant of arrest, alleging that an examination of those affidavits was indispensable:

"(a) . . . for challenging the existence of probable cause against the defendant at the time of ordering his arrest and incarceration, as well as the cancellation of the bail bond;

"(b) To be in a position today, the date set for arraignment in this action, to allege against such information."

The hearing of this motion was held before another judge of the same court, who entered an order denying the same. To review that order we issued a writ of certiorari.

Petitioner charges the lower court with the commission of five errors. He contends, however, that "the only legal question involved in this appeal is whether, in accordance with the provisions of the Constitution of the Commonwealth of Puerto Rico (Art. II, § 10), and in conformity with § 100 of the Code of Criminal Procedure, as amended by Act No. 22 of July 24, 1952 (Spec. Sess. Laws, p. 92), once the magistrate issues a warrant for the arrest of a citizen based on a probable cause of action in connection with the commission of a public offense, (1) the defendant may question or not the existence of probable cause at the date of issuance of such warrant, after posting bail bond, and (2) whether or not the arrested citizen may avail himself of the same affidavits which the magistrate had before him when ordering his incarceration."

We do not believe, however, that the issue involved in this appeal has been correctly stated. In the motion which gave rise to the order sought to be reviewed, the defendant did not challenge the existence of probable cause for his arrest. That motion merely moved the court to order the prosecuting attorney to deliver to the attorney for the defense the affidavits which the magistrate who issued the

warrant of arrest had before him for the purposes (1) of challenging the existence of probable cause, and (2) of being prepared to answer the information. But to ask for the affidavits which were in possession of the prosecuting attorney, as petitioner did, for the purpose of challenging the existence of probable cause, does not amount to challenging the existence of probable cause, particularly since the motion does not state facts which support such challenge. Under these circumstances defendant's motion rather partakes of the nature of a fishing expedition. The question involved in this appeal is therefore reduced to determining whether the defendant is entitled to examine the prosecuting attorney's summary, or the part thereof submitted by the latter to the magistrate for determination of the existence of probable cause.[1]

■ Neither the Constitution of the Commonwealth of Puerto Rico nor Act No. 22 of July 24, 1952, which amends the Code of Criminal Procedure, has changed the decisions of this Court on the problem presented here. We have stated time and again that the preliminary investigation made by the prosecuting attorney is of a private character, and he

---

[1] The right of discovery and inspection invoked by petitioner has generally been denied both under federal criminal procedure and in a majority of state jurisdictions. In this connection, see commentaries on Federal Rules 16 and 17(c) of the Rules of Criminal Procedure, of the Advisory Committee on Rules, 18 U.S.C.A. § 224; *United States* v. *Krulewitch*, 145 F. 2d 76; *Goldman* v. *United States*, 316 U.S. 129; *United States* v. *Peace*, 16 F.R.D. 423; *United States* v. *Bryson*, 16 F.R.D. 431; *United States* v. *Winkler*, 17 F.R.D. 213; *United States* v. *Brown*, 17 F.R.D. 286; *United States* v. *Carter*, 15 F.R.D. 367; *United States* v. *Warren*, 53 F. Supp. 435; *United States* v. *Antonelli Fireworks Co.*, 53 F. Supp. 870; 17 Am. Jur. 18; 156 A.L.R. 346; 52 A.L.R. 209; 14 Am. Jur. 915; Orfield, *Criminal Procedure from Arrest to Appeal* (1947 ed.), p. 328; *People* v. *Murphy*, 107 N.E. 2d 748; *State* v. *Garrison et al.*, 33 A. 2d 113; *Rosier* v. *People*, 247 P. 2d 448; *State* v. *Zimnaruk*, and *State* v. *Chuchelow*, 20 A. 2d 613; *Bates* v. *State*, 198 S.W. 2d 850; *State* v. *Brown*, 227 S.W. 2d 646; *cf. State* v. *Martínez*, 57 So. 2d 888; *McAden* v. *State*, 21 So. 2d 33; *Walker* v. *People*, 248 P. 2d 287; *State* v. *Superior Court*, 275 P. 2d 887; *State* v. *Hall*, 175 Pac. 267; *State* v. *Di Noi*, 195 Atl. 497.

cannot be compelled ·to show it unless he has waived this privilege or the defendant needs the statements made at the preliminary investigation for the purpose of impeaching the witnesses' credibility at the trial. *People* v. *Díaz et al.,* 22 P.R.R. 177; *People* v. *Beltrán et al.,* 18 P.R.R. 908; *Sostre* v. *Calzada,* 33 P.R.R. 237; *Castro* v. *González,* 58 P.R.R. ·369; and *People* v. *Álvarez,* 70 P.R.R. 791. We have also held that our statutes do not recognize or authorize the holding of a preliminary hearing. *People* v. *Rivera,* 66 P.R.R. 207; *People* v. *Travieso,* 60 P.R.R. 518; *cf. Guada-**lupe* v. *Bravo, Warden,* 71 P.R.R. 913. Now the foregoing ·cases were decided before the Constitution of the Commonwealth of Puerto Rico went into effect. But the former Or-·ganic Act which was in force until July 24, 1952, provided in par. 14 of § 2 the following: "That no warrant for arrest ... ·shall issue but upon probable cause, supported by oath or .affirmation, and particularly describing ... the persons ... ·to be seized." Thus, under this statute no warrant of ar·rest could be issued against a person except upon probable cause. At that time, by virtue of the provisions of the Code of Criminal Procedure, the prosecuting attorney was a magistrate with power to determine the existence of probable .cause and to issue warrants of arrest. *People* v. *Superior Court,* 75 P.R.R. 501, 505.

██ When the Constitution of the Commonwealth of Puerto Rico went into effect, the prosecuting attorney was divested of his power to determine the existence of probable cause for the purpose of issuing warrants of arrest when it was expressly provided:

"No warrant for arrest or search and seizure shall issue except *by judicial authority* and only upon probable cause supported by oath or affirmation, and particularly describing the place to be searched and the persons to be arrested or the things to be seized." (Italics ours.) Section 10 of Art. II of the Constitution of the Commonwealth of Puerto Rico.

But this constitutional provision does not have the scope attributed by petitioner of authorizing the defendant to examine the affidavits submitted by the prosecuting attorney to the consideration of the magistrate who issued the warrants of arrest and incarceration. In limiting constitutionally to "the judicial authority" the power to issue warrants of arrest, the express purpose was to divest the prosecuting attorneys of their authority to issue warrants of arrest, which implies the determination of probable cause and the fixing and approval of bail. This was the main purpose of the framers of the Constitution as it appears from the statement made by the Bill of Rights Committee in connection with the constitutional provision above transcribed. In its pertinent part, it reads as follows:

"The express language of this provision limits the authority for issuing warrants for arrest and search to the 'judicial power.' This term is employed for the express purpose of depriving the prosecuting attorneys of the power which they now exercise to issue bench warrants, which power entails the determination of probable cause and the fixing and approving of bonds. They have not enjoyed the power to order searches and seizures. If they had had that power, the language we are now using would also have the effect of depriving them of such power.

"We feel that to vest the prosecuting attorneys with the capacity of magistrates, as does § 13 of the Code of Criminal Procedure in force, or with the power to order arrests and the consequent power to determine the existence of probable cause, as does § 97 of the same Code, contravenes the good functioning of justice under a government composed of three (3) separate powers. The prosecuting attorney not being properly a part of the judicial power but an attorney of the executive branch, should not assume judicial functions. From the confusion created in our Organic Act by the extent of judicial power conferred thereby to the Office of the Attorney General, it is understandable that the practice which we propose to amend should have developed among us. Now that we are drawing up our own Constitution, we believe it is particularly wise to constitutionally make the proper modification.

"We know that the proposed system will entail practical difficulties at the outset. Our penal organization rests on the basis that the prosecuting attorney may determine the existence of probable cause and order arrests and fix and approve bails. However, the difficulties which may be encountered at the beginning will be offset when more purity and guaranties in criminal proceedings are, and will be, ultimately achieved." (75 P.R.R. 510–11.)

■ The prosecuting attorney used to determine the existence of probable cause from affidavits or affirmations, as is now done under the Constitution by the magistrates, a hearing being unnecessary in such case. *People* v. *Superior Court, supra.*

■ Although the prosecuting attorney now submits his summary to a magistrate who determines whether there exists probable cause for the defendant's arrest, this does not imply that the previously established rule has been changed in the sense that the investigation by the prosecuting attorney is not of a public character. The truth is still the same: the determination of probable cause had to be founded on affidavits or affirmations before the Constitution was framed. This has remained the same. In this respect, the law has not changed. Hence, there is no reason why the investigation made by the prosecuting attorney should be private when the prosecuting attorney himself, acting as a magistrate, determined the existence of probable cause for the arrest, and not private now because of the fact that this officer has been divested of such power.

For the reasons stated, the writ will be quashed.