JUAN LÓPEZ OLIVO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. PABLO JUAN Y TORO, JUEZ, demandado.

Número 2146.
*Sometido:* 9 de mayo de 1956. *Resuelto:* 27 de junio de 1956.

*Félix Ochoteco, Jr.,* abogado del peticionario; *Rafael L. Ydrach Yordán, Fiscal del Tribunal Supremo,* abogado de El Pueblo.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Un juez del Tribunal Superior de Puerto Rico libró una orden de arresto el día 28 de agosto de 1954 contra el aquí peticionario para que respondiera de una supuesta infracción a la Ley núm. 220 de 15 de mayo de 1948, conocida

como la "Ley de Bolita". 33 L.P.R.A. sec. 1247. Practicado el arresto en dicho día el acusado prestó la fianza exigídale de $3,000 para permanecer en libertad provisional.

El día 8 de octubre de 1954 se presentó la correspondiente acusación. Señalada fecha para su lectura compareció el acusado y antes de contestar radicó una moción en la que solicitaba se ordenara al Fiscal que le mostrara a su abogado defensor todas y cada una de las declaraciones juradas que dicho funcionario sometió a la consideración del magistrado que libró la orden de arresto, alegando que el examen de tales declaraciones le era imprescindible para:

"(a) .... impugnar la existencia de causa probable contra el acusado en los momentos de ordenarse el arresto y encarcelación del acusado y la cancelación así también de la fianza prestada para permanecer en libertad provisional;

"(b) Para estar en condiciones en el día de hoy, fecha señalada para la lectura de la acusación en la presente causa, para poder alegar contra dicha acusación".

La vista de la indicada moción fué celebrada ante otro magistrado del mismo tribunal, quien dictó resolución declarándola sin lugar. Para revisar esa resolución expedimos un auto de *certiorari*.

El peticionario imputa al tribunal a quo la comisión de cinco errores. Sin embargo, alega, que "la única cuestión legal envuelta en el presente recurso es si de conformidad con lo preceptuado por la Constitución del Estado Libre Asociado de Puerto Rico (Artículo II, Sección 10) y en concordancia con el art. 100 del Código de Enjuiciamiento Criminal, tal y como éste quedó enmendado por la Ley núm. 22 del 24 de julio de 1952, una vez que un magistrado libra una orden de arresto para la detención de un ciudadano, luego de haber el magistrado encontrado causa de acción probable en relación con la comisión de un delito público, (1) puede o no el arrestado cuestionar, una vez que haya prestado fianza para permanecer en libertad provisional, la existencia de causa probable a la fecha en que se expidió dicha

orden de arresto y (2) si puede o no valerse el ciudadano arrestado de las mismas declaraciones que tuvo ante sí el magistrado al ordenar su prisión".

Sin embargo, no creemos que se haya expuesto correctamente la cuestión envuelta en este recurso. En la moción que motivó la resolución objeto ahora de revisión, el acusado no impugnó la existencia de causa probable para su arresto. Dicha moción se limita a solicitar del tribunal que ordene al Fiscal entregue al abogado del acusado las declaraciones que tuvo ante sí el magistrado que libró la orden de arresto para los fines de (1) impugnar la existencia de causa probable, y (2) estar preparado para contestar la acusación. Pero solicitar las declaraciones juradas que están en poder del fiscal en la forma que lo hace el peticionario para impugnar la existencia de causa probable no equivale a una impugnación de la existencia de causa probable especialmente cuando la moción deja de exponer hechos que fundamenten tal impugnación. En estas condiciones la moción del acusado participa más bien de la naturaleza de una expedición de pesca. La cuestión envuelta en este recurso, se reduce por lo tanto, a determinar si el acusado tiene derecho a examinar el sumario del fiscal o aquella parte del mismo que haya sido presentada por dicho funcionario a un magistrado para la determinación de la existencia de causa probable. (1)

La Constitución del Estado Libre Asociado de Puerto Rico, ni la Ley núm. 22 de 24 de julio de 1952, enmendatoria del Código de Enjuiciamiento Criminal, han

(1) El derecho de examen e inspección que invoca el peticionario ha sido generalmente negado tanto bajo el procedimiento criminal federal como en la mayoría de las jurisdicciones estatales. A este efecto puede verse los comentarios a las reglas federales 16 y 17(c) de Enjuiciamiento Criminal, del Advisory Committee on Rules, 18 U.S.C.A. 224; *United States* v. *Krulewitch*, 145 F.2d 76; *Goldman* v. *United States*, 316 U.S. 129; *United States* v. *Peace*, 16 F.R.D. 423; *United States* v. *Bryson*, 16 F.R.D. 431; *United States* v. *Winkler*, 17 F.R.D. 213; *United States* v. *Brown*, 17 F.R.D. 286; *United States* v. *Carter*, 15 F.R.D. 367; *United*

variado la jurisprudencia de este Tribunal sobre el problema aquí planteado. En varias ocasiones hemos dicho que la investigación preliminar practicada por el fiscal es de carácter privado y no puede obligársele a mostrarla a menos que haya renunciado a ese privilegio o el acusado necesite las declaraciones juradas prestadas en la investigación preliminar para fines de impugnar la credibilidad de los testigos durante el juicio. *Pueblo* v. *Díaz et al.*, 22 D.P.R. 191; *Pueblo* v. *Beltrán et al.*, 18 D.P.R. 944; *Sostre* v. *Calzada*, 33 D.P.R. 244; *Castro* v. *González*, 58 D.P.R. 368 y *Pueblo* v. *Álvarez*, 70 D.P.R. 830. También hemos resuelto que nuestros estatutos no reconocen ni autorizan la celebración de una vista preliminar (*preliminary hearing*). *Pueblo* v. *Rivera Escuté*, 66 D.P.R. 216; *Pueblo* v. *Travieso*, 60 D.P.R. 530; *Cf. Guadalupe* v. *Bravo, Alcaide*, 71 D.P.R. 975. Ahora bien, los anteriores casos fueron resueltos antes de comenzar a regir la Constitución del Estado Libre Asociado de Puerto Rico. Pero la anterior Carta Orgánica que estuvo en vigor hasta el día 24 de julio de 1952, disponía en el párrafo 14 de su Artículo II, lo siguiente: "No se expedirá mandamiento de arresto ... sino por motivo fundado, apoyado en juramento o afirmación, y describiéndose particularmente ... las personas que han de ser detenidas ....." De suerte que bajo dicho estatuto tampoco podía expedirse un mandamiento de arresto contra una persona a menos que existiera causa probable para ello. Ocurría entonces que el fiscal, por virtud de las disposiciones del Código de Enjuiciamiento Criminal, era un magistrado con facultad para

*States* v. *Warren*, 53 F. Supp. 435; *United States* v. *Antonelli Fireworks Co.*, 53 F. Supp. 870; 17 Am. Jur., pág. 18; 156 A.L.R. 346; 52 A.L.R. 209; 14 Am. Jur. 915; Orfield, *Criminal Procedure from Arrest to Appeal* (1947 ed.), pág. 328; *People* v. *Murphy*, 107 N.E.2d 748; *State* v. *Garrison et al.*, 33 A. 2d 113; *Rosier* v. *People*, 247 P.2d 448; *State* v. *Zimnaruk* y *State* v. *Chuchelow*, 20 A.2d 613; *Bates* v. *State*, 198 S.W.2d 850; *State* v. *Brown*, 227 S.W.2d 646; *Cf. State* v. *Martínez*, 57 So.2d 888; *McAden* v. *State*, 21 So.2d 33; *Walker* v. *People*, 248 P.2d 287; *State* v. *Superior Court*, 275 P.2d 887; *State* v. *Hall*, 175 Pac. 267; *State* v. *Di Noi*, 195 Atl. 497.

determinar la existencia de causa probable y librar mandamientos de arresto. *Pueblo* v. *Tribunal Superior*, 75 D.P.R. 535, 539.

██ Al empezar a regir la Constitución del Estado Libre Asociado de Puerto Rico, el fiscal fué privado de su facultad de determinar la existencia de causa probable a los fines de expedir órdenes de arresto cuando taxativamente se dispuso:

"Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos *por autoridad judicial,* y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse." (Bastardillas nuestras.) Sección 10, Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico.

Pero esta disposición constitucional no tiene el alcance que le atribuye el peticionario, de facultar al acusado para examinar las declaraciones juradas que el fiscal haya sometido a la consideración del magistrado que libró las órdenes de arresto y encarcelación. Al limitarse constitucionalmente el poder de expedir órdenes de arresto a "la autoridad judicial", se hizo con el deliberado propósito de privar a los fiscales de la autoridad que ejercían de expedir órdenes de arresto, que conlleva la determinación de causa probable y de señalar y aprobar fianzas. Esta fué la primordial preocupación de los autores de la Constitución según lo demuestra la forma como se expresó la "Comisión de Carta de Derechos" en relación con la ya transcrita disposición constitucional. En lo esencial reza así:

"Hemos usado lenguaje que expresamente limita el poder de expedir órdenes de arresto o allanamiento a la 'autoridad judicial'. Esta expresión se usa con el propósito deliberado de privar a los fiscales de la autoridad que ahora ejercen de expedir órdenes de arresto lo que conlleva la determinación de causa probable, y de señalar y aprobar fianzas. Ellos no han disfrutado de la facultad de ordenar allanamientos y registros.

Si la hubiesen disfrutado, el lenguaje que estamos usando también tendría el efecto de privarles de la misma.

"Entendemos que darle a los fiscales la condición de magistrados, como lo hace el artículo 13 del Código de Enjuiciamiento Criminal vigente, o darles la facultad de ordenar arrestos, y el poder correspondiente de determinar la existencia de causa probable, como lo hace el artículo 97 del mismo cuerpo legal, contraviene el buen funcionamiento de la justicia bajo un gobierno de tres (3) poderes separados. El fiscal, no siendo propiamente una parte del poder judicial, sino el abogado de la rama ejecutiva, no debe asumir funciones judiciales. Dentro de la confusión creada en nuestra carta orgánica por la magnitud de poderes judiciales conferidos en ella a la oficina del Procurador General es comprensible que se desarrollara entre nosotros la práctica que interesamos rectificar. Ahora que estamos redactando nuestra propia Constitución creemos especialmente atinado hacer constitucionalmente la modificación que corresponde.

"Sabemos que el sistema propuesto traerá dificultades prácticas al principio. Nuestra organización penal está montada sobre la base de que el fiscal puede determinar la existencia de causa probable, y ordenar arrestos y señalar y aprobar fianzas. Pero las dificultades con que se tropiece al principio quedarán compensadas cuando en definitiva se logre, como habrá de lograrse, más pureza y más garantías en los procedimientos criminales." (75 D.P.R. págs. 544 y 545.)

La existencia de causa probable la determinaba el fiscal por medio de declaraciones juradas o afirmación y en igual forma la determinan ahora bajo la Constitución los magistrados, sin que para ello sea necesaria la celebración de una vista. *Pueblo* v. *Tribunal Superior*, supra.

Aunque ahora el fiscal presenta su sumario a un magistrado para que éste determine si existe causa probable para el arresto del acusado, ello no significa que se haya variado la regla previamente establecida al efecto de que la investigación fiscal no es de carácter público. La verdad sigue siendo una: la determinación de causa probable tenía que fundarse en declaraciones juradas o afirmación antes de la Constitución. Lo mismo ocurre ahora. En ese sen-

tido no ha habido cambio en la ley. Siendo ello así, no hay razón para que la investigación fiscal fuera privada cuando el propio fiscal, actuando como magistrado determinaba la existencia de causa probable para el arresto, y no lo sea ahora, por el hecho de que dicho funcionario haya sido privado de esa facultad.

*Por las razones expuestas el auto expedido será anulado.*