En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| EL PUEBLO DE PUERTO RICO<br>     Apelado<br><br>    .V<br><br>MIGUEL RIVERA RIVERA<br><br>LUIS PEREZ PEREZ<br><br>     Apelantes | Apelacion<br><br>TSPR98-46 |

Número del Caso: AC-96-2 Cons. Ac-96-17

Abogados Parte Apelante: Lic. Zinia I.  Acevedo Sánchez
(Sociedad Para Asistencia Legal)

Abogados Parte Apelada: Hon. Carlos Lugo Fiol
Procurador General

Lic. Ricardo E. Alegría Pons
Procurador General Auxiliar

Abogados Parte Interventora:

Tribunal de Instancia: Superior, Subsección de Distrito, Sala de Caguas

Juez del Tribunal de Primera Instancia: Hon. José L. Bonilla
Echevarría.

Tribunal de circuito de Apelaciones: Circuito Regional VI

Juez Ponente: Hon. Delgado Hernández

Fecha: 4/21/1998

Materia: Asesinato en ler. grado y otros

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico
   Apelado

     v.

Miguel Rivera Rivera              AC-96-2
   Apelante                   AC-96-17
--------------------------------
El Pueblo de Puerto Rico
   Apelado

       v.

Luis Pérez Pérez
   Apelante

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton.

San Juan, Puerto Rico, a 21 de abril de 1998.

¿Tiene derecho el imputado de un delito grave a obtener copia de las declaraciones juradas que sirvieron de base a la determinación de causa probable para arresto antes de que los testigos se sienten a declarar por primera vez en la vista preliminar o en el juicio en su fondo? Examinado nuestro ordenamiento procesal penal y los hechos particulares de los casos que originan la controversia ante nos, concluimos que a los imputados no les asiste ese derecho.

I.

Este Tribunal mediante resolución de 25 de octubre de 1996 consolidó los casos Pueblo v. Rivera

Rivera, AC-96-2 y Pueblo v. Pérez Pérez, AC-96-17[1], por presentar cuestiones de hecho y de derecho comunes. En ambos casos se radicaron sendos recursos de apelación ante este Tribunal por plantearse la existencia de conflicto entre decisiones previas del Tribunal de Circuito de Apelaciones sobre esta controversia.[2]

A continuación, exponemos una síntesis de los hechos fundamentales de ambos casos.

## (A) Pueblo v. Rivera Rivera

El 27 de mayo de 1994 se presentaron denuncias contra Miguel Rivera Rivera por los delitos de asesinato en primer grado, Artículo 83 del Código Penal, 33 L.P.R.A. sec.4001; e infracciones a los Artículos 6 y 8 de la Ley de Armas, 25 L.P.R.A. sec. 416 y 418. Rivera se encontraba detenido por el Estado y fue conducido ante un magistrado mediante una orden de excarcelación. El magistrado luego de examinar la declaración jurada de la testigo Janet González Piñero determinó causa probable para arresto y fijó la fianza correspondiente. En las denuncias que le fueron entregadas al imputado aparece anunciada como testigo de cargo González Piñero.

Previo al señalamiento de la vista preliminar, la representación legal de la defensa, solicitó al tribunal, mediante moción escrita, que le ordenara al Ministerio Fiscal entregar al acusado copia de la declaración que fue utilizada para la determinación de causa probable para el arresto de Rivera Rivera. Luego de varios incidentes procesales, el entonces Tribunal de Distrito ordenó al Ministerio Fiscal que accediera a la solicitud de la defensa. Inconforme, el Ministerio Fiscal presentó recurso de certiorari ante el entonces Tribunal Superior.

---

[1] Ante el Tribunal de Circuito de Apelaciones comparecieron los coacusados Luis Pérez Pérez, Alexander Morales Rivera, Luis Toro León, Miguel Acevedo Colón y David Mateo Santiago. No obstante, comparecieron ante este Tribunal Luis Pérez Pérez y Miguel Colón Torres; este último no compareció al Tribunal de Circuito de Apelaciones por lo que no podía apelar la sentencia que dictó dicho tribunal. Por tal razón, este Tribunal únicamente consideró la apelación respecto a Luis Pérez Pérez que fue el único coacusado que compareció ante el Tribunal de Circuito de Apelaciones y ante este este Tribunal.

[2] Se nos plantea que existe conflicto entre las siguientes decisiones del Tribunal de Circuito de Apelaciones Pueblo v. Vargas Rivera, KLCE 95-00631; Pueblo v. Vázquez Delgado, KLCE-95-00852 y Pueblo v. Rodríguez Acosta, KLCE 95-000015.

Posteriormente, el caso fue referido al Tribunal de Circuito de Apelaciones el cual revocó la orden del magistrado del entonces Tribunal de Distrito que le requirió al Ministerio Fiscal entregar a la defensa copia de la declaración jurada a base de la cual se determinó causa probable para el arresto.

Inconforme, Rivera apela ante nos.

(B)   <u>Pueblo</u> v. <u>Luis Pérez Pérez</u>

El 19 de septiembre de 1995 se presentaron denuncias en ausencia contra Luis Pérez Pérez y cuatro coacusados por los delitos de asesinato en primer grado, 33 L.P.R.A. sec.4001; tentativa de asesinato, 33 L.P.R.A. sec.3121 e infracción al Artículo 6 de la Ley de Armas, 25 L.P.R.A. sec.416. La determinación de causa probable para el arresto de los apelantes la formuló el magistrado del foro de instancia mediante el examen exclusivo de las declaraciones juradas que presentaron Pedro N. Martínez García y Ricardo Rodríguez Figueroa, quienes también fueron anunciados en la denuncia como testigos de cargo.

Previo a la celebración de la vista preliminar, los abogados de los acusados solicitaron al tribunal <u>a quo</u> que le ordenase al Ministerio Fiscal suplirles copia de las declaraciones juradas que fueron utilizadas para determinar causa probable para el arresto en ausencia de los acusados. El Tribunal de Primera Instancia, luego de considerar los señalamientos esbozados por ambas partes, resolvió en corte abierta que a los imputados no les asistía el derecho que reclamaban. La representación legal de los acusados presentó recurso de certiorari ante el Tribunal de Circuito de Apelaciones, el cual confirmó la resolución recurrida.

Inconforme, los abogados de la defensa radicaran recurso de apelación ante nos.

Con el beneficio de las comparecencias de todas las partes en los casos, estamos en posición de resolver la controversia medular de cada uno.

II.

Para atender adecuadamente las controversias que se plantean en el caso de autos, resulta pertinente en primer lugar examinar brevemente los cambios más significativos que ha atravesado nuestro ordenamiento procesal penal durante las últimas tres décadas.

Las Reglas de Procedimiento Criminal de 1963 autorizaban la expedición de una orden de arresto sólo cuando al magistrado se le presentaba una denuncia jurada. La denuncia tenía que estar juramentada por una persona con conocimiento personal de los hechos delictivos. Sin embargo, policías y ciertos funcionarios públicos podían firmar y juramentar denuncias cuando los hechos constitutivos del delito les constaran por información y creencia que obtuviesen en casos relacionados con sus deberes, pero en tales circunstancias el magistrado tenía que examinar a algún testigo que tuviera conocimiento personal de los hechos. Ley Núm. 87 de 26 de junio de 1963, Leyes de Puerto Rico, 1963, pág.269.

En las postrimerías de la década de los ochenta, se creó un nuevo esquema procesal criminal que alteró el procedimiento de determinación de causa probable para arresto descrito anteriormente. Este esquema también incidió en las disposiciones legales referentes a la vista preliminar y al descubrimiento de prueba antes del juicio. Ley Núm. 29 de junio de 1987, Leyes de Puerto Rico, 1987, pág.98 y Ley Núm. 58 de 1 de julio de 1988, Leyes de Puerto Rico, 1988, pág. 287.

A tenor con esta reforma, la vista de determinación de causa probable para el arresto se convirtió en una especie de "vista preliminar híbrida", de naturaleza adversativa, en la que se combinaba la determinación de causa probable para el arresto con la de causa probable para presentar la acusación. Por ser una vista de carácter adversativo, se enmendó el texto de la Regla 6 de Procedimiento

Criminal con el propósito de reconocer que en esa vista de determinación de causa probable para el arresto y acusación el imputado tendría derecho a estar asistido de abogado, a contrainterrogar los testigos en su contra y a ofrecer prueba a su favor.

La vista preliminar tradicional no desapareció con este nuevo esquema procesal. Se dispuso que si el imputado de delito no comparecía a la vista de determinación de causa probable para arresto, lo hacía sin estar asistido de abogado o no se presentaban testigos con conocimiento personal de los hechos, tenía derecho a que se celebrara una vista preliminar tradicional. Pueblo v. Rivera y Rodríguez, 122 D.P.R. 875(1988). Todo imputado de delito que era sometido a la vista preliminar tradicional tenía los mismos derechos que se reconocían en la "vista híbrida" de determinación de causa probable para arresto, esto es, el derecho a estar asistido de abogado, a contrainterrogar los testigos en su contra y a ofrecer prueba en su favor.

Para salvaguardar el derecho que se le había reconocido al imputado de contrainterrogar a los testigos que declarasen en su contra en este tipo de vista adversativa de determinación de causa probable para arresto y acusación, la Ley de 1988 enmendó la Regla 95 de Procedimiento Criminal relativa al proceso de descubrimiento de prueba, para reconocer el derecho del sospechoso a obtener las declaraciones juradas de los testigos que declarasen en la "vista híbrida" de causa probable para el arresto.

En el año 1990 se revirtió el procedimiento de determinación de causa probable a la situación prevaleciente con anterioridad a 1987. Ley Núm. 26 de 8 de diciembre de 1990, Leyes de Puerto Rico, 1990, pág. 1503.[3] La Asamblea Legislativa adoptó nuevamente el concepto tradicional de una vista informal de determinación de causa probable para el arresto. También se volvió a reconocer el derecho del acusado a la celebración de una vista preliminar ordinaria en todo caso de delito grave, independientemente de sí el sospechoso acude personalmente

asistido de abogado o si se presentan testigos con conocimiento personal de los hechos a la determinación de causa probable para arresto.

Como resultado de estos cambios, las etapas centrales de nuestro ordenamiento ahora son la determinación de causa probable para el arresto, la vista preliminar y el juicio. La mayoría de las veces la determinación de causa probable para el arresto se celebra en ausencia del imputado. Ernesto L.Chiesa, <u>Derecho Procesal Penal de Puerto Rico y Estados Unidos</u>, Bogotá, Ed. Forum, Vol.III, Sec.21.2, pág.25.[4] En este esquema procesal penal la vista preliminar– además de cumplir con otros propósitos– es el primer mecanismo disponible para revisar la legalidad del arresto o detención del imputado de delito. Además, consiste en un procedimiento de naturaleza adversativa en el que el imputado puede estar representado por un abogado, tiene derecho a contrainterrrogar testigos y a presentar prueba a su favor. Estos derechos indudablemente posibilitan que el imputado esté en mejor posición de defenderse adecuadamente y cuestionar la legalidad de la determinación de causa probable para el arresto.

Ya este Tribunal ha tenido la ocasión de señalar, al analizar los propósitos y la naturaleza de la vista preliminar, que ésta constituye un *mecanismo inicial para cotejar la validez del arresto*:

> "*Como este término sugiere, la preocupación primaria de la visión retrospectiva es con respecto* **a la legalidad del arresto y la validez de la detención.** *La pesquisa en la vista se manifiesta hacia el pasado, al momento del arresto. Está diseñada para detectar detenciones ilegales de todas clases. Su interés se centra en una revisión de la legalidad de la detención. Se enfatiza el aspecto de la naturaleza preliminar no determinante ni final del procedimiento. El procedimiento no es un juicio sino* **un mecanismo inicial para cotejar la validez del** *arresto.*" (Énfasis Suplido). <u>Pueblo v.</u> <u>Rodríguez Aponte</u>, 116 D.P.R. 653 (1985).

En igual sentido se ha expresado que:

> "*En caso de delito grave, la vista preliminar misma tiene el efecto de la revisión inmediata de la determinación de causa*

---

[3] Este es el esquema vigente en la actualidad.

[4] Sobre este aspecto se ha señalado que "la Regla 6 (b) de Procedimiento Criminal– sobre la orden de arresto– dispone que el magistrado expedirá la orden de arresto (si determina causa probable) para que una vez sea diligenciada– esto es, que se arreste a la persona– ésta sea conducida sin dilación innecesaria ante un magistrado. Esto supone que el imputado o persona contra quien se hace la determinación de causa probable no está presente". Chiesa, <u>supra</u>, sec. 21.3, pág. 26.

*probable para el arresto. La determinación de causa probable para acusar, en vista preliminar, es, a su vez, revisable mediante moción de desestimación bajo la regla 64(p) y tiene el efecto de una revisión indirecta de la determinación de causa probable para el arresto que fuera "confirmada" en vista preliminar."* Chiesa, supra, sec. 21.7, a la pág.49.

A pesar de que la intención de la Asamblea Legislativa fue la de reinstalar el esquema procesal anterior a las enmiendas de 1987[5], subsisten en las reglas vigentes algunos vestigios del sistema procesal que operó desde 1987 a 1990. Así por ejemplo, subsisten los derechos del imputado a estar asistido de abogado, a contrainterrogar y a presentar prueba a su favor en la vista de determinación de causa probable para arresto. 34 L.P.R.A., Ap.II, R-6. Además, todavía el acusado tiene derecho a obtener las declaraciones de los testigos de cargo que declaren en la vista de determinación de causa probable para arresto. 34 L.P.R.A., Ap. II, R-95. En ausencia de pronunciamiento en contrario de la Asamblea Legislativa, estos vestigios del procedimiento anterior, sólo se reconocen si la determinación de causa probable se hace *en presencia del acusado y representado por abogado*, siguiendo el método más formal que reconocen las Reglas de Procedimiento Criminal para hacer la determinación judicial de causa para el arresto.[6]

## III.

Una vez finalizado el examen del desarrollo del sistema procesal penal, procede analizar si las Reglas de Procedimiento Criminal o su jurisprudencia interpretativa reconocen a los imputados el derecho de obtener las declaraciones que sirvieron de base a la determinación de causa probable para arresto.

Ya hemos reconocido, bajo ciertas circunstancias, el derecho de un imputado de obtener las declaraciones juradas de los testigos de cargo. Uno de estos casos es cuando los testigos se sientan a declarar ya sea en una vista adversativa de determinación de causa probable para

---

[5] Véase Exposición de Motivos, Ley Núm. 26 de 8 de diciembre de 1990, Leyes de Puerto Rico, 1990, Pág. 1503.

[6] En la jurisdicción federal se ha determinado que no constituye un imperativo constitucional la celebración de una vista informal adversativa para la determinación de causa probable para el arresto. Gerstein v. Pugh, 420 U.S. 103 (1974).

arresto, en la vista preliminar o el juicio en su fondo. En estos casos obtener copia de las declaraciones juradas salvaguarda el derecho del acusado de contrainterrogar a los testigos en su contra. Regla 95 de Procedimiento Criminal, 34 L.P.R.A, Ap. IV, R-95. Este derecho se activa una vez ha concluido el examen directo del testigo. Pueblo v. Ribas, supra; Pueblo v. Rivera Rodríguez, supra. Otra instancia en la que hemos reconocido acceso a dichas declaraciones juradas es si los testigos han sido renunciados por el fiscal por constituir prueba acumulativa. Pueblo v. Delgado López, 86 D.P.R. 558 (1962); Pueblo v. Quiñones, 99 D.P.R. 1 (1970).

Si se determina causa probable para arresto siguiendo el método más informal que las reglas reconocen y no se ha celebrado la vista preliminar como en el presente caso, no están presentes los elementos que han justificado la concesión del derecho que ante nos se reclama. Esto porque todavía no puede decirse que ha surgido el derecho del acusado a contrainterrogar a los testigos de cargo, ni se puede concluir que éstos testigos han sido renunciados por el fiscal.

Precisamente, el derecho de examen e inspección de las declaraciones juradas que los imputados invocan en los casos de autos fue anteriormente examinado por esta Curia en López v. Tribunal Superior, 79 D.P.R. 498 (1956). Aunque esa decisión se emitió antes de la aprobación de las Reglas de Procedimiento Criminal de 1963, sus pronunciamientos son aplicables a la controversia ante nos.

Al igual que en el caso de autos, en López el peticionario solicitó al Tribunal que ordenara al Ministerio Público que le entregara las declaraciones juradas que tuvo ante sí el magistrado que libró la orden de arresto para impugnar la existencia de causa probable y estar preparado para contestar la acusación. Allí, al denegar la solicitud de la Defensa, sostuvimos que el acusado no tenía derecho a examinar ni el sumario fiscal ni aquella parte del mismo(por ejemplo, una declaración jurada) que haya sido presentada por dicho funcionario

a un magistrado para la determinación de la existencia de causa probable.

Del análisis anterior se desprende que ni las Reglas de Procedimiento Criminal ni su jurisprudencia interpretativa reconocen el derecho del acusado a obtener copia de las declaraciones juradas que sirvieron de base para la determinación de causa probable para arresto, antes de que declaren por primera vez en alguna de las etapas posteriores significativas del proceso criminal, tales como la vista preliminar o el juicio. Véase, Pueblo v. Rodríguez Aponte, supra.

IV.

Por otro lado, los imputados fundamentan su reclamo a tener acceso a las declaraciones juradas antes de la celebración de la vista preliminar en su derecho a estar notificados adecuadamente de los cargos en su contra, como corolario de su derecho constitucional a un debido proceso de ley.

El concepto de adecuada notificación es uno de los componentes básicos del debido proceso de ley procesal. Chiesa, supra sec.10.3, pág.29. Existen mecanismos dentro de nuestro ordenamiento jurídico procesal penal que están diseñados con el propósito de facilitar el procedimiento criminal adversativo asegurando que el acusado tenga acceso a la información necesaria para defenderse adecuadamente. Lafave & Israel, Criminal Procedure, (1984), sec.19.2, pág.432. Algunos de estos mecanismos son la denuncia, el descubrimiento de prueba y la divulgación de evidencia exculpatoria. Aunque constituyen conceptos distintos, sus requisitos legales varían y operan en etapas distintas del procesamiento criminal, todos de alguna forma están vinculados por la meta común de proveer al imputado de delito una adecuada notificación. No obstante, cada uno de ellos *provee notificación de un tipo de información distinto. Id.*

En una etapa temprana del proceso criminal, existe el mandato constitucional de que el imputado sea notificado de la causa y la

naturaleza de la acción en su contra.[7] Este imperativo constitucional se satisface al incluir en la denuncia los hechos esenciales constitutivos del delito y los cargos en contra del imputado. Véase Pueblo v. González Olivencia, 116 D.P.R. 614 (1985); Pueblo v. Calviño Cereijo, 110 D.P.R. 691 (1981); Pueblo v. Santiago Cedeño, 106 D.P.R. 663 (1978).

En la situación particular ante nos, los peticionarios solicitan el acceso a las declaraciones juradas que sirvieron de base a la determinación de causa probable para el arresto y que fueron suscritas por unos testigos de cargo que han sido anunciados como tal en las denuncias. El tipo de información que se solicita es una que se utilizó en la *determinación de causa probable para arresto y que se va a introducir como evidencia en un momento posterior del proceso criminal.* Como en la vista preliminar ellos podrán contrainterrrogar a los testigos de cargo, también tendrán el derecho de obtener copias de las declaraciones después que declaren. En ese momento se activan los derechos reconocidos por la Regla 95 de las Reglas de Procedimiento Criminal. Como la vista preliminar se provee en una etapa significativa del proceso, claramente no hay una violación del debido proceso de ley.

Ahora bien, si el fiscal no utiliza al testigo de cargo (anunciado como tal en la acusación o denuncia) en ninguna vista, ni siquiera en el juicio, el Ministerio Fiscal tiene la obligación de poner esos testigos de cargo a disposición de la defensa para evitar que se active la presunción de que, de haber declarado el testigo, su testimonio le hubiese sido adverso al Pueblo. 32 L.P.R.A., Ap. IV, R-16 (5).[8] La defensa también tiene derecho a las declaraciones juradas de estos testigos. Chiesa, supra, sec.28.2, pág.329.

Otro mecanismo que el acusado podría tener a su disposición para tener conocimiento de lo que los testigos de cargo han declarado acerca

---

[7] La Sección 11 del Artículo II de la Constitución de Puerto Rico, así como la Sexta Enmienda de la Constitución de Estados Unidos reconocen tal derecho a los imputados de delito.

[8] Esta regla de evidencia establece que se presume que "toda evidencia voluntariamente suprimida resultará adversa si se ofreciere." 32 L.P.R.A. , Ap. IV, R-16 (5).

de su caso es entrevistarlos con anterioridad a la celebración del juicio. Hoyos Gómez v. Tribunal Superior, 90 D.P.R.201 (1964).

Respecto a la contención de los acusados en el presente caso respecto a que el no concederle el derecho que reclaman en una etapa temprana del proceso impide que puedan impugnar la determinación de causa probable para arresto, no les asiste la razón. Ya describimos los mecanismos procesales que se tienen disponibles para impugnar la legalidad de un arresto. Lo crucial, como imperativo del debido proceso de ley, es que el Estado le provea al acusado una oportunidad adecuada en una *etapa oportuna y significativa del proceso criminal con las garantías adecuadas* para cuestionar la causa probable para arresto.

Los imputados también exponen que puede demorarse irrazonablemente la celebración de la vista preliminar o el juicio con el posible efecto de que el imputado de delito puede permanecer encarcelado- si no presta la fianza correspondiente que le fije un magistrado- hasta ese momento sin poder impugnar la legalidad de su arresto. Aunque bajo el sistema procesal vigente el imputado ha de aguardar al menos al momento de la celebración de la vista preliminar para cuestionar en una etapa adversativa del proceso criminal la legalidad de su arresto, él esta adecuadamente protegido por el mandato constitucional a un juicio rápido. De no celebrarse la vista preliminar o el juicio dentro de los términos establecidos por las Reglas de Procedimiento Criminal, el imputado tiene a su disposición el mecanismo de la moción de desestimación que contempla la Regla 64 (n), 34 L.P.R.A., Ap.II, R-64 (n).[9]

Finalmente, recordemos que en la determinación de causa probable para arresto –a base de cualquiera de las formas que reconoce la Regla 6 de Procedimiento Criminal- siempre se requiere, por imperativo constitucional, la intervención de un magistrado. Esto evita que el Estado someta a una persona a un procedimiento criminal arbitrario y lo encause criminalmente sin base para ello. Como señaláramos, la

determinación de causa probable para arresto puede cuestionarse en una etapa posterior del proceso a través de los mecanismos que consagran las Reglas de Procedimiento Criminal.

En ausencia de un planteamiento persuasivo de debido proceso de ley, los señalamientos de los peticionarios esencialmente se circunscriben a una cuestión a ser determinada por las leyes y no mediante decisión judicial. Pueblo v. Rodríguez Aponte, supra. En los casos ante nos no se desprenden circunstancias especiales que ameriten una solución distinta.

V.

De una lectura de las denuncias se desprende que los testigos que suscribieron las declaraciones juradas que se solicitan, también han sido anunciados como testigos de cargo.  Los imputados, conforme al estado de derecho vigente, tendrán que aguardar al momento en que estos testigos se sienten a  declarar en la vista preliminar o en el juicio para obtener dichas declaraciones.

Ahora bien, si el Ministerio Fiscal en los presentes casos opta por no utilizar en el juicio a los testigos previamente anunciados en la denuncia, debe poner a estos testigos y las declaraciones juradas suscritas por éstos  a disposición de la Defensa.

Nos parece que en el balance de intereses, el curso de acción que hoy proponemos protege adecuadamente el derecho del acusado de impugnar la determinación de causa probable para el arresto, a la vez que salvaguarda las prerrogativas del Ministerio Fiscal dentro del procesamiento criminal.

Por los fundamentos antes expuestos, procede confirmar las sentencias recurridas. Se dictarán las sentencias correspondientes.

Federico Hernández Denton
Juez Asociado

---

[9]  Además del  transcurso de ese término, el magistrado considera otros factores al examinar esta moción de desestimación. Pueblo v. Rivera Tirado, 117 D.P.R. 419 (1986).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico
   Apelado

   v.

Miguel Rivera Rivera
   Apelante                       AC-96-2
---------------------------        AC-96-17
El Pueblo de Puerto Rico
   Apelado

   v.

Luis Pérez Pérez
   Apelante


SENTENCIA


San Juan, Puerto Rico, a 21 de abril de 1998.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se confirman las sentencias emitidas por el Tribunal de Circuito de Apelaciones en los casos de epígrafe.  Se devuelve el caso al Tribunal de Primera Instancia para la celebración de procedimientos ulteriores compatibles con lo aquí resuelto.

     Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Fuster Berlingeri concurre sin opinión escrita.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo