Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Parte recurrida<br><br>v.<br><br>**XAVIER ENCHAUTEGUI RODRIGUEZ**<br><br>Parte peticionaria | **KLCE202500665** | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Ponce**<br><br>Caso Núm.:<br>**JLE2024G0469**<br><br>Sobre:<br>**ART. 3.1 LEY 54** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**RESOLUCION**

En San Juan, Puerto Rico, a 8 de agosto de 2025.

Comparece ante nos, Xavier Enchautegui Rodríguez, en adelante, Enchautegui Rodríguez o peticionario, solicitando que revisemos la "*Resolución*" del Tribunal de Primera Instancia, Sala Superior de Ponce, en adelante, TPI-Ponce, del 3 de junio de 2025. Mediante el dictamen recurrido, el Foro Primario declaró "*No Ha Lugar*" una solicitud para entrevistar a los testigos que el Ministerio Público, en adelante, recurrido, solicitó eliminar de la acusación.

Por los fundamentos que expondremos a continuación, *denegamos* expedir el recurso.

**I.**

Surge del alegato presentado que el 11 de abril de 2024, Enchautegui Rodríguez fue arrestado y trasladado al Cuartel de la Policía del Precinto el Tuque en el Municipio de Ponce, por una alegada infracción a la Ley 54 de 15 de agosto de 1989, 8 LPRA sec. 601 *et seq.*, en adelante, Ley 54.[1]

---

[1] Apéndice del Recurso, pág. 2.

El 12 de abril de 2024, se celebró una vista al amparo de la Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, R. 6. En la misma, se determinó *Causa Probable* por dos (2) alegadas infracciones al Art. 3.1 de la Ley 54, supra.[2] Esto debido a que el peticionario, presuntamente, le profirió a quien fue su pareja, Luz Nereida Velázquez Acosta, en adelante, Velázquez Acosta, una variedad de palabras soeces. La otra alegada infracción, fue por haberla agredido con una lata de cerveza en el brazo izquierdo. A tenor con lo anterior, se expidió además una "*Orden de Protección*" a favor de Velázquez Acosta.

La Vista Preliminar del caso en contra de Enchautegui Rodríguez fue señalada para el 5 de septiembre de 2024. En la mencionada vista, solo se determinó causa al amparo del Art. 3.1 de la Ley 54, supra, por la alegada agresión.[3]

Así las cosas, el 14 de septiembre de 2024, el Ministerio Público presentó la acusación, incluyendo los testigos que utilizaría en el caso de epígrafe. Entre ellos se encontraban, Velázquez Acosta, Roberto Leandry Martínez (Agente de la División de Servicios Técnicos), Luis Torres y Aileen Fernández Betancourt (Agente denunciante).[4]

Luego de varios asuntos, se pautó el juicio por jurado para el 27 de mayo de 2025. Surge de la "*Minuta*" del 29 de mayo de 2025, que el Ministerio Público solicitó *retirar como testigos al agente Roberto Leandry Martínez y a Luis Torres*, quien tiene a su cargo el negocio *Black Ball Sport Bar*.[5] El abogado de la defensa solicitó que esos testigos se pusieran a su disposición. Sin embargo, el Ministerio Público se expresó con relación a dicha petición, indicando que podían poner los testigos a disposición de la defensa siempre y cuando el juicio hubiese comenzado, y que eliminarlos

---

[2] Apéndice del Recurso, págs. 11-12.
[3] *Id.*, págs. 16-21.
[4] *Id.*, págs. 22-23.
[5] *Id.*, pág. 5.

de la acusación no activaba la presunción de que los testimonios de estos fueran adversos. En el caso de autos *no había comenzado el juicio por jurado,* por lo que el TPI-Ponce procedió con la eliminación de los testigos mencionados anteriormente.[6]

Luego de una infructuosa solicitud de reconsideración, Enchautegui Rodríguez presentó ante esta Curia una "*Petición de Certiorari*", el 13 de junio de 2025. En su recurso, expuso el siguiente señalamiento de error:

> **Cometió grave error de Derecho el Ilustrado Foro de Instancia al negarse a ordenar al Fiscal que pusiera a la disposición de la defensa a los testigos de cargo Agente Roberto Leandry Martínez, de Servicios Técnicos y al Sr. Luis Torres renunciados por éste justo antes de comenzar la desinsaculación del jurado.**

Mediante "*Resolución*" del 24 de junio de 2025, concedimos a la parte recurrida presentar su escrito en oposición al recurso en o antes del 26 de junio de 2025. En cumplimiento, el día 26 de junio de 2025, la parte recurrida compareció ante nos mediante "*Escrito en Cumplimiento de Orden*".

Perfeccionado el recurso de epígrafe, procedemos a expresarnos.

**II.**

**A. Certiorari Criminal**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Pueblo v. Guadalupe Rivera,* 206 DPR 616, 632 (2021); *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009).

---

[6] Apéndice del recurso, pág. 5.

Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria". *Pueblo v. Díaz de León*, supra, pág. 918. Conviene destacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Torres González v. Zaragoza Meléndez*, supra, pág. 847; *Pueblo v. Custodio Colón*, 192 DPR 567, 588 (2015). *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo*, supra.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los

cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

*BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el Foro Apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992),

citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). (Énfasis suplido).

### B. Derechos del Acusado

Nuestra Constitución ha reconocido la importancia del derecho a un debido proceso de ley en todo caso en el cual el Estado interviene con la vida, la libertad o la propiedad de una persona. Art. II, Sec. 7, Const. ELA, LPRA, Tomo I. En el contexto penal, el debido proceso de ley requiere que toda persona acusada sea juzgada conforme al proceso que la ley establece. *Pueblo v. Santiago Cruz y en interés del menor FLR*, 205 DPR 7, 23 (2020). En consonancia con lo anterior, en todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público, a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la misma. Art. II, Sec. 11, Const. ELA, LPRA, Tomo I; *Pueblo v. Pagán Rojas et al.,* 187 DPR 465, 480 (2012).

En virtud de ello, se reconoce que todo acusado tiene el derecho a presentar una defensa adecuada. *Pueblo v. Custodio Colón*, supra, pág. 584. Así, pues, para viabilizar una defensa adecuada se han establecido los mecanismos de la denuncia, el descubrimiento de prueba y la divulgación de evidencia exculpatoria. *Pueblo v. Rivera Rivera*, 145 DPR 366, 378 (1998). A esos fines, la Regla 52 de Procedimiento Criminal, 32 LPRA Ap. II, R. 52, establece que *previo a la celebración del juicio*, el Ministerio Público le entregará al acusado una copia de la acusación con una lista de los testigos, antes de que se le requiera que formule alegación alguna. Esta exigencia emana del derecho fundamental a informarse debidamente en la preparación de su defensa. *Pueblo v. Rodríguez González,* 202 DPR 258, 270 (2019).

**III.**

Enchautegui Rodríguez recurre ante nos solicitando que revoquemos al TPI-Ponce, y que ordenemos al Ministerio Público a presentar los testigos que solicitó eliminar antes de comenzar el juicio. Alega que esta actuación viola su derecho a que pudiera entrevistar a los testigos. La parte recurrida arguye que, como no había comenzado el juicio podía solicitar la eliminación de testigos y que esta acción no le violentó el debido proceso de ley al peticionario.

Ahora bien, expuesta la divergencia en ambas posturas, y un examen sosegado del expediente y el pronunciamiento del cual se recurre, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Foro Primario. Nuestra decisión de expedir o denegar recursos como el solicitado, es una discrecional y no constituye una adjudicación en los méritos.

Por tanto, al amparo del sentido de la prudencia y conforme a los criterios reglamentarios esbozados en la Regla 40, supra, los cuales delimitan nuestra intervención en este tipo de recursos, concluimos que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna.

**IV.**

Por los fundamentos antes expuestos, *denegamos* expedir el recurso solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones