EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Pueblo de Puerto Rico<br><br>        Peticionario<br><br>              v.<br><br> Carlos Rivera Martell<br><br>       Recurrido<br>******************************<br>Pueblo de Puerto Rico<br><br>        Peticionario<br><br>              v.<br><br>Jovet Vega Pérez<br><br>       Recurrido | Certiorari<br><br>2008 TSPR 64<br><br>173 DPR ____ |

Número del Caso:  CC-2007-125
                  CC-2007-132

Fecha: 22 de abril de 2008

Tribunal de Apelaciones:

                   Región Judicial de Mayagüez-Aguadilla
                   Panel IX

Juez Ponente:
                   Hon. Carlos M. Rodríguez Muñiz

Oficina del Procurador General:

                   Lcdo. Salvador J. Antonetti Stutts
                   Procurador General

                   Lcda. Mariana D. Negrón Vargas
                   Subprocuradora General


Materia: Art. 401 y 404 Ley de Sustancias Controladas



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pueblo de Puerto Rico   *
                        *
   Peticionario         *
                        *
        v.              *           CC-2007-125
                        *
Carlos Rivera Martell   *
                        *
   Recurrido            *
************************           Certiorari
Pueblo de Puerto Rico   *
                        *
   Peticionario         *
                        *
        v.              *           CC-2007-132
                        *
Jovet Vega Pérez        *
                        *
   Recurrido            *           Consolidados
************************

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 22 de abril de 2008.

Los recursos de epígrafe fueron consolidados por presentar cuestiones comunes de hecho y de derecho. Mediante los mismos, el Procurador General solicita la revocación de dos dictámenes del Tribunal de Apelaciones que sostuvieron la decisión del Tribunal de Primera Instancia, Sala de Investigaciones de Mayagüez, de requerirle al Ministerio Público —en procesos independientes de determinación de causa para arresto— exponer las razones por las cuales pretendía someter el caso sin citar previamente a los imputados, Sr. Carlos Rivera Martell y Sr. Jovet Vega Pérez, quienes para esa fecha se encontraban confinados en el Centro de Detención del Oeste.  A juicio del Procurador General, nuestro ordenamiento no contempla dicha exigencia y recae en la absoluta discreción del Ministerio Público citar

a los imputados a la vista de determinación de causa para arresto. Por entender que la decisión con respecto a si se debe citar al imputado a la determinación de causa para arresto le corresponde al magistrado que preside el proceso, confirmamos los dictámenes recurridos.

I

En procesos judiciales independientes, el Ministerio Público sometió para determinación de causa para arresto una denuncia en contra del señor Rivera Martell y del señor Vega Pérez por violación a la Ley de Sustancias Controladas. Para ese entonces, ambos imputados se encontraban confinados en el Centro de Detención del Oeste ubicado en Mayagüez. Al proceso seguido contra el señor Rivera Martell compareció el agente investigador y, como denunciantes, ciertos oficiales de custodia de la institución correccional. A su vez, en el proceso seguido contra el señor Vega Pérez también compareció el agente investigador, quien presentó junto con la denuncia las declaraciones juradas de dos oficiales de custodia de la institución correccional.

En ambos casos, la boleta de autorización para someter los cargos hacía constar que el Fiscal autorizaba al agente a presentar los mismos en ausencia de los imputados. No obstante, ante la ausencia de una justificación para ello, en el proceso seguido contra el señor Rivera Martell el juzgador instruyó al agente a solicitar del Fiscal la razón para la celebración de la vista en ausencia. Una vez el agente regresó a Sala, el juez se percató de que, en lugar de proveer la información requerida, el Fiscal citó los casos de Pueblo v. North Caribbean, 2004 TSPR 113, res. 30 de junio de 2004, Pueblo v. Irizarry Quiñones, 160 D.P.R. 544 (2003) e In re Elba Santiago, 160 D.P.R. 245 (2003).

Por su parte, en el caso del señor Vega Pérez el Ministerio Público sencillamente se negó a proveer las razones que justificaban la ausencia de citación.

A raíz de ello, en ambos casos el magistrado detuvo el proceso aclarando que no se estaba negando a atenderlos en ausencia, sino que estaba solicitando una explicación racional por parte del Ministerio Público para no haber citado tanto al señor Rivera Martell como al señor Vega Pérez. A su vez, señaló que desde que se aprobó la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, el Departamento de Justicia diseñó una boleta para la radicación de cargos que incluye un espacio para esbozar las razones que tiene el Estado para someter un caso en ausencia. A su entender, ello equivale a una aceptación de la necesidad de justificar dicho proceder. Señaló, además, que esa necesidad era más patente en casos como estos, en los cuales los imputados estaban bajo la custodia y control del Estado. Por último, enfatizó que la ausencia de justificación podía dar pie a actuaciones arbitrarias y discriminatorias por parte del Estado.

Insatisfecho con el proceder del magistrado, el Procurador General, en representación del Pueblo de Puerto Rico, presentó recursos de *certiorari* independientes ante el Tribunal de Apelaciones. En esencia, alegó que recae en la discreción del Ministerio Público citar a los imputados de delito a la vista de determinación de causa para arresto toda vez que no existe ninguna disposición legal que le obligue a hacerlo. Por ende, adujo que el Estado no tiene que presentar las razones en las cuales basa su decisión de no citar al imputado y que el tribunal no tiene injerencia alguna en esa determinación.

Evaluados los planteamientos del Procurador, el Tribunal de Apelaciones confirmó en ambos casos el dictamen del foro de instancia por entender que la discreción que se le reconoce al Ministerio Público para seleccionar la forma en que se someten los casos no es absoluta. Más bien, concluyó que "la solicitud para celebrar la vista en ausencia le corresponde a la Fiscalía pero [que] la decisión al respecto, caso a caso, le corresponde a la Rama Judicial" (subrayado en el original). Por tanto, determinó que se le debe presentar al juez prueba de que el imputado fue notificado de la fecha y lugar en que se someterá la denuncia, o de las razones que el Ministerio Público tiene para presentar el caso en su ausencia. De conformidad con ello, devolvió los casos al foro de instancia para que el Estado proveyera las justificaciones requeridas y, de esa forma, el magistrado pudiera pasar juicio sobre la suficiencia de las mismas.

Insatisfecho aún, el Procurador General acude ante nos mediante recursos independientes que fueron eventualmente consolidados y básicamente reproduce los mismos argumentos que llevó ante la consideración del foro apelativo. Examinadas las peticiones, acordamos expedir. Transcurrido el término correspondiente, la parte recurrida no ha presentado su alegato con respecto a los recursos presentados. Por tanto, procedemos a resolver sin el beneficio de su comparecencia.

**II**

Resulta ampliamente conocido que toda acción penal en nuestro ordenamiento jurídico comienza con la determinación de causa probable para arresto. Pueblo v. Irizarry Quiñones, 160 D.P.R. 544, 555 (2003); Pueblo v. Jiménez Cruz, 145

D.P.R. 803, 809 (1998). Desde el momento en que se hace dicha determinación, el tribunal adquiere jurisdicción sobre la persona del imputado y se considera que éste queda sujeto a responder por la comisión del delito. Pueblo v. Irizarry Quiñones, *supra*, pág. 555.

La determinación de causa probable para arresto constituye una exigencia de índole constitucional, toda vez que el Art. II, Sec. 10 de la Constitución de Puerto Rico, L.P.R.A., Tomo 1, dispone que para expedir una orden de arresto es necesaria una determinación de causa probable por parte de un magistrado. La Enmienda IV de la Constitución de Estados Unidos contiene igual exigencia.[1]

Ahora bien, los pormenores del proceso de determinación de causa probable para arresto se encuentran recogidos en la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En lo pertinente, dicha regla dispone que:

> "(a) Expedición de la orden. Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la denuncia o del examen bajo juramento del denunciante o sus testigos, si algunos, constare que hay causa probable para creer que se ha cometido el delito por la persona o personas contra quienes se imputa, el magistrado expedirá la orden para el arresto de dichas personas, con excepción de lo dispuesto en la Regla 7(a). La determinación de causa probable podrá estar fundada total o parcialmente en una declaración por información o creencia con suficiente garantía circunstancial de confiabilidad.
> …
>
> En esta determinación de causa probable el imputado tendrá derecho a estar asistido de abogado, a contrainterrogar a los testigos en su contra y a ofrecer prueba a su favor". 34 L.P.R.A. Ap. II.

---

[1] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized". Const. E.U., Enm. IV.

Según surge del texto transcrito, la Regla 6 establece ciertos requisitos para la determinación de causa para arresto, algunos de los cuales son de naturaleza constitucional. Así, por ejemplo, por imperativo constitucional es indispensable que en la determinación de causa para arresto medie la intervención de un magistrado. Pueblo v. Rivera Rivera, 145 D.P.R. 366, 380 (1998). Esto evita que el Estado someta a una persona a un procedimiento criminal arbitrario y lo encause criminalmente sin base para ello. Además de la intervención de la figura neutral del magistrado, constitucionalmente se requiere la existencia de causa probable, que la determinación esté apoyada en juramento o afirmación, y que la orden de arresto sea específica en cuanto a la persona que será objeto de la misma. Pueblo v. North Caribbean, *supra*; Pueblo v. Irizarry Quiñones, *supra*.

Una vez cumplidas estas exigencias, el método que el Ministerio Público seleccione para someter el caso para determinación de causa para arresto es, a fin de cuentas, algo secundario. Pueblo v. Irizarry Quiñones, *supra*, pág. 560. En vista de ello, el magistrado puede determinar causa para arresto a base de la denuncia, de las declaraciones juradas que se unen a la misma o a base del examen bajo juramento de un testigo con conocimiento personal de los hechos. Regla 6 de Procedimiento Criminal, *supra*. La determinación también se puede basar en declaraciones hechas por información o creencia, siempre que tengan suficientes garantías de confiabilidad. Claro está, lo importante es que la información provista sea suficiente para que el magistrado encuentre causa probable para creer que se ha

cometido un delito y que el imputado lo cometió. <u>Pueblo v.</u>
<u>Jiménez Cruz</u>, *supra,* pág. 813.

Conforme a lo anterior, estamos contestes con el
Procurador General en cuanto aduce que la validez
**constitucional** de la determinación de causa para arresto –en
ausencia de otras consideraciones de esa naturaleza– depende
esencialmente de los factores señalados; es decir, de la
intervención de la figura del magistrado, de que se haya
encontrado causa probable, de que la determinación haya
estado basada en juramento o afirmación y de la
especificidad de la orden. Por consiguiente, en virtud de
la Sec. 10, Art. II de la Constitución del E.L.A. y de la
Cuarta Enmienda federal[2], no se requiere más que el
cumplimiento de esas exigencias mínimas, sin que sea
determinante el método escogido por el Ministerio Público
para someter el caso.

Ahora bien, la validez de la determinación de causa
para arresto no depende única y exclusivamente de los
requisitos de índole constitucional contemplados en la Regla
6, *supra.* Como indicamos antes, dicha disposición contiene
otras exigencias y consagra ciertos derechos a favor de los
imputados adicionales a los que concede la Constitución del
E.L.A. y la Enmienda IV de la Constitución federal. Así,
por ejemplo, la Regla 6 dispone que en la determinación de
causa probable el imputado tiene derecho a estar asistido de
abogado, a contrainterrogar a los testigos de cargo y a
ofrecer prueba a su favor. Al interpretar esa disposición,
hemos aclarado que tales derechos no son absolutos, toda vez
que la vista de determinación de causa para arresto **puede**

_____

[2] Véase, a modo ilustrativo, <u>Gerstein v. Pugh</u>, 420 U.S.
103 (1975).

realizarse en ausencia del imputado. Véase Pueblo v. North Caribbean, *supra*, pág. 9; Pueblo v. Irizarry Quiñones, *supra*, pág. 560; Pueblo v. Rodríguez López, 155 D.P.R. 894, 904 (2001); Pueblo v. Jiménez Cruz, *supra*, pág. 812.

En específico, hemos resuelto que los derechos reconocidos en la Regla 6 se activan únicamente si la determinación de causa para arresto se hace en presencia del imputado. Pueblo v. Rivera Rivera, *supra*, pág. 375. Incluso, en atención a la naturaleza informal y flexible de la vista de determinación de causa para arresto, hemos expresado que -aun cuando el imputado esté presente- no tiene un derecho irrestricto a contrainterrogar testigos de cargo. Pueblo v. Irizarry Quiñones, *supra*, pág. 564. Más bien, ello depende de que el Fiscal haya sentado a algún testigo a declarar en la vista. *Id*. Por tanto, si el Fiscal presenta el caso a base de la denuncia o de declaraciones juradas, el imputado no tiene derecho a exigir que se sienten testigos para ser contrainterrogados y sus derechos se limitarán a estar asistido por un abogado y a presentar prueba a su favor. *Id*.

No obstante, lo anterior no significa -como sostiene el Procurador General- que hayamos validado de plano y en toda circunstancia la presentación de casos sin citar al imputado para la vista de determinación de causa para arresto, ni que hayamos afirmado que la decisión recae en la absoluta discreción del Ministerio Público. De hecho, en la jurisprudencia invocada por el Procurador General en apoyo de sus alegaciones no se cuestionaba cuándo procede citar al imputado a la vista de determinación de causa para arresto ni se analizaba sobre quién recae, en última instancia, la decisión al respecto.

Más bien, lo que hemos afirmado sobre la presencia del imputado o la falta de ella en esta etapa, es que los derechos en cuestión se activan sólo cuando éste se encuentra presente en la vista y que, aun así, se ejercitarán de forma limitada. A su vez, hemos expresado que la vista de determinación de causa para arresto **se puede** celebrar en ausencia del imputado.[3] Pueblo v. North Caribbean, *supra*; Pueblo v. Irizarry Quiñones, *supra*. Ello, sin embargo, no contesta la interrogante que presentan los casos de autos. La controversia que dichos recursos suscitan –y que, repetimos, no pone en duda la posibilidad de que la vista de determinación de causa para arresto se celebre en ausencia del imputado– incide sobre un aspecto de fondo; a saber, sobre quién recae en última instancia la decisión con respecto a si procede citar al imputado a la vista de determinación de causa para arresto.

Para contestar esa interrogante, es preciso realizar un análisis integrado, no sólo de la normativa constitucional y estatutaria aplicable, sino de las normas de hermenéutica que deben guiar la discreción judicial al momento de interpretar la ley. En ese ejercicio, somos conscientes de que "[e]l profundo respeto que nos merece la intención del legislador nos obliga en determinadas ocasiones a suplir las inadvertencias en que éste pueda haber incurrido". Pueblo v. Zayas Rodríguez, 147 D.P.R. 530, 548 (1999); Hull Dobbs Co.

---

[3] Si bien en Pueblo v. North Caribbean, *supra*, pág. 10, expresamos que ni en la vista de causa probable para arresto ni en la vista de causa probable en alzada se requiere citar al imputado, lo cierto es que en ningún momento afirmamos que la facultad de decidir cuándo se hace y cuándo no recae en la absoluta discreción del Ministerio Público. Además, dichas expresiones se hicieron en un contexto muy ajeno al que da lugar a la controversia de los casos de autos (la validez de una citación hecha por el Fiscal a la vista de causa para arresto en alzada). Pueblo v. North Caribbean, *supra*, pág. 10.

v. Tribunal Superior, 82 D.P.R. 77, 84 (1961). A su vez, tenemos en mente la "regla dorada" de hermenéutica judicial, que promulga que las disposiciones de una ley deben ser examinadas e interpretadas de modo que no conduzcan a resultados absurdos, sino a unos armoniosos. Pueblo v. Zayas Rodríguez, *supra*, pág. 548.

Partiendo de estos principios, al adentrarnos en el estudio del primer párrafo de la Regla 6, *supra*, notamos que su lenguaje parece presumir que el imputado no está presente cuando se hace la determinación de causa probable para arresto. Ello en vista de que la regla indica que si el magistrado encuentra causa probable *expedirá la orden para el arresto de la persona contra quien se imputa la comisión de un delito*. Véase Sec. (a), Regla 6 de Procedimiento Criminal, *supra*. No obstante, al final de esa misma sección se reconocen unos derechos que –evidentemente– no podrían ser ejercitados si el imputado no ha sido citado y, por tanto, no se encuentra presente. Nos referimos a las garantías mencionadas de asistencia de abogado, derecho a presentar prueba y a contrainterrogar a los testigos de cargo. Esas garantías, si bien podrían ser consideradas vestigios del esquema procesal anterior a la Ley Núm. 26 de 8 de diciembre de 1990,[4] no pueden ser dadas por no puestas. Así lo aclaramos expresamente en Pueblo v. Irizarry Quiñones, *supra*, pág. 563, donde nos negamos a eliminar por

---

[4] Ello en vista de que la Ley Núm. 29 de 19 de junio de 1987 había alterado el proceso de determinación de causa para arresto con el fin de que adquiriera carácter más adversativo y poder prescindir en ocasiones de la vista preliminar. Con ese cambio, también se incorporó el tercer párrafo de la sección (a) que es el que confiere el derecho a asistencia de abogado, a contrainterrogar y a presentar prueba de defensa. Sin embargo, cuando la Asamblea Legislativa enmendó nuevamente el proceso para revertirlo a su estado anterior, no eliminó el párrafo mencionado. Véase Ley Núm. 26 de 8 de diciembre de 1990.

vía judicial los derechos mencionados. Allí indicamos que, en todo caso, lo que procede es interpretarlos de forma tal que armonice con el resto del ordenamiento.

Precisamente, armonizar esa disposición con el resto del ordenamiento y dotarla de efectividad conlleva reconocer que los derechos allí conferidos -aunque limitados- no pueden quedar a merced de la parte sobre la cual recae la labor de encauzar. Dado que no existen pautas específicas que guíen la discreción del Ministerio Público al momento de decidir si cita o no a un imputado a dicho proceso, el riesgo de actos arbitrarios y discriminatorios sería sumamente amplio aun cuando nuestro sistema se erige sobre normas de debido proceso e igualdad ante la ley. Véase Art. II, Sec. 7 de la Const. del E.L.A.; Hernández González v. José Izquierdo, 2005 TSPR 38, res. 4 de abril de 2005; Berberena v. Echegoyen, 128 D.P.R. 864, 878 (1991). Nótese que, a base de la norma propuesta, el Ministerio Público podría citar a ciertos imputados a la vista correspondiente, mientras que podría no citar a otros imputados sin justificación que sustente la distinción.[5] Incluso, en la medida que no tendría que presentar las razones que justifican su curso de acción, no habría forma de evitar que las motivaciones sean ilegales o discriminatorias.

Por otro lado, para percatarnos de los inconvenientes que podría acarrear la norma propuesta por el Estado, basta con pensar en el supuesto de un imputado de delito que, no sólo esté accesible y disponible para tomar parte en la

---

[5] Ello a pesar de que la regla no hace distinción alguna cuando reconoce los limitados derechos que asisten a los imputados en esta etapa procesal ("[e]n esta determinación de causa probable **el imputado** tendrá derecho a estar asistido de abogado, a contrainterrogar a los testigos en su contra y a ofrecer prueba a su favor" (énfasis suplido). Regla 6(a) de Procedimiento Criminal, *supra*.

vista de determinación de causa para arresto, sino que está allí en el tribunal en espera de la misma porque de alguna manera advino en conocimiento de ello.[6] Al amparo de la norma propuesta, el Fiscal podría someter el caso en su ausencia sin presentar justificación alguna. A su vez, el magistrado –de encontrar causa probable– ordenaría su arresto inmediato, el cual podría efectuarse en su lugar de trabajo o en presencia de sus familiares. Todo ello aún cuando estuvo presente en el tribunal y con su participación en el proceso pudo haberse evitado el innegable malestar que acarrea un arresto en las circunstancias descritas. Sin embargo, de haber estado presente en la vista de determinación de causa para arresto, no sólo hubiera tenido el beneficio de representación legal y de presentar prueba a su favor, sino que –en caso de que se determinara causa– se hubiera evitado el inconveniente de un arresto posiblemente público y notorio.

Claramente, este Tribunal no puede avalar interpretaciones que atenten contra el principio básico de equidad e igualdad ante la ley o que puedan poner en riesgo –injustificadamente– las protecciones que por virtud de ley se nos han concedido. Tanto la dignidad humana como la igualdad jurídica son principios axiológicos indiscutibles que pertenecen a la categoría de derechos fundamentales, De Paz Lisk v. Aponte Roque, 124 D.P.R. 472, 484 (1989), que operan por sí solos para asegurar la convivencia democrática.

Conforme a lo anterior, aunque coincidimos con la postura del Procurador General a los efectos de que

---

[6] Tomamos conocimiento judicial de que el Tribunal de Apelaciones, Circuito Regional VII, se enfrentó a una situación similar en el caso Pueblo v. Julio de Jesús Matos, KLCE000761.

generalmente no se debe recurrir a una disposición constitucional alterna cuando existe en dicha ley una fuente específica que regula el asunto, Albright v. Oliver, 510 U.S. 266 (1994), lo cierto es que en casos como los de autos no podemos pasar por alto consideraciones tan básicas como la igualdad y el trato justo. Esto último se impone más aún si tomamos en cuenta que, una vez el legislador incorpora ciertos derechos por vía estatutaria, éstos pasan a formar parte integral del debido proceso de ley. Pueblo v. Prieto Maysonet, 103 D.P.R. 102, 106 (1974).

En el contexto de la Regla 6, precisamente, el legislador incorporó unas garantías a favor de los imputados de delito en la etapa de determinación de causa probable para arresto. Evidentemente, para poder ejercer dichas garantías estatutarias los imputados, de ordinario, deben estar presentes. Para ello, sin duda, se requiere que se les cite a la vista de determinación de causa probable para arresto.[7] Tal requisito es el mecanismo para darle vigencia a los derechos conferidos en el tercer párrafo de la sección (a) de la Regla 6, supra, y constituye una consecuencia razonable de la norma que nos requiere suplir las lagunas que surgen de la ley e interpretarla de forma tal que guarde armonía y lógica interna.

Ahora bien, somos conscientes de que puede haber circunstancias que justifiquen, por vía de excepción, no citar al imputado a la vista de determinación de causa para arresto. Así, por ejemplo, se puede justificar la celebración de la vista de causa para arresto en ausencia

---

[7] Claro está, si a pesar de haber sido citado el imputado no comparece a la vista de determinación de causa para arresto, su ausencia se consideraría una renuncia a su derecho a estar presente y a las demás garantías que le cobijan en esa etapa procesal.

del imputado cuando -a pesar del esfuerzo realizado- la persona no pudo ser localizada. De la misma forma, dicha medida se podría sostener cuando se pretenden realizar arrestos en serie o cuando un operativo haya dado lugar a denuncias múltiples que hagan muy oneroso para el Estado citar previamente a todos los imputados. Igualmente, puede haber ocasiones en que la seguridad de las víctimas o testigos aconsejan que se celebre el proceso en ausencia del imputado o en que dicho proceder sea necesario para evitar que se malogre una investigación en curso. Véase, a esos efectos, J.M. Canals Torres, Procedimiento Criminal, 74 Rev. Jur. U.P.R. 839, 848 (2005).

En todas esas circunstancias -que no constituyen un listado taxativo de excepciones a la norma general- se justificaría no citar al imputado y celebrar la vista de determinación de causa para arresto en ausencia. Sin embargo, dado que la determinación de causa probable la hace el magistrado, y toda vez que éste tiene la obligación de velar que no se menoscaben los derechos del imputado, es él quien debe decidir caso a caso sobre la necesidad de que la vista se celebre en ausencia del imputado. Es decir, es el magistrado quien debe pasar juicio y determinar con finalidad la suficiencia de las justificaciones ofrecidas por el Ministerio Público para no haber citado al imputado a la vista correspondiente. Y es que no podía ser de otra forma, toda vez que para garantizar la aplicación de los principios fundamentales en los que descansa nuestro ordenamiento, tanto el derecho constitucional como el estatutario requieren la intervención de la figura neutral del magistrado. Véase Const. del E.L.A., Art. II, Sec. 10;

Const. E.U. Enm. IV, Regla 6 de Procedimiento Criminal, *supra*.

Si bien la función primordial del magistrado en estos procesos es determinar si existe causa probable para creer que se ha cometido un delito y que la persona imputada lo cometió, lo cierto es que dicho funcionario tiene la facultad y el deber de dirigir el proceso. Eso incluye, claro está, lo correspondiente a la citación del imputado y la potestad de emplear la medidas necesarias para asegurarle el goce cabal de los derechos que le cobijan en esa etapa procesal. Por tanto, como ente neutral que conduce el proceso, recae en su discreción determinar si procede citar al imputado a la vista antes de entrar a considerar si hay causa probable para su arresto.

No obstante, debe quedar claro que no ponemos en tela de juicio la facultad del Ministerio Público de decidir mediante cuáles de los mecanismos aceptados someterá el caso para la determinación de causa probable para arresto, independientemente de si el imputado se encuentra o no presente. Es decir, tal como afirmamos en Pueblo v. Irizarry Quiñones, *supra*, pág. 565 "en esa etapa del procedimiento criminal, el Estado debe tener la libertad de escoger la manera en que va a someter su caso […]". Pueblo v. Irizarry Quiñones, *supra*, pág. 565.[8]

---

[8] Nos referimos a la potestad de elegir entre los distintos métodos contemplados en la Regla 6 o una combinación de ellos; a saber, (1) la denuncia jurada, (2) la denuncia y las declaraciones juradas que se incluyan en la denuncia, (3) la denuncia y el examen del testimonio del denunciante o sus testigos, (4) las declaraciones juradas que se incluyan con la denuncia, (5) las declaraciones juradas que se incluyan con la denuncia y el examen del testimonio del denunciante o sus testigos, (6) el testimonio del denunciante o algún testigo con conocimiento personal del hecho delictivo y (7) la denuncia, las declaraciones juradas que se incluyan con la denuncia y el examen del

Igualmente, aunque el magistrado es quien toma la decisión final con respecto a la suficiencia de las justificaciones provistas por el Fiscal para someter el caso en ausencia del imputado, nos parece innegable que dicho funcionario tiene a su haber las herramientas necesarias para tomar decisiones acertadas con respecto a ello. Los miembros del Ministerio Público, por su experiencia con el día a día en la persecución del crimen y por su contacto directo con los agentes del orden público, suelen tener un conocimiento abarcador sobre la conveniencia y necesidad de citar o no a un imputado de delito a la determinación de causa para arresto. Es por ello que, aunque la decisión final recae en el magistrado, la justificación que ofrezca el Fiscal al respecto debe ser merecedora de amplia deferencia.

Claro está, ni el conocimiento más abundante, ni la experiencia más profusa pueden impedir que el magistrado base la decisión final en su propio juicio a la luz de la totalidad de las circunstancias. Aceptar otra cosa constituiría un endoso a la práctica de despojar al magistrado de una facultad inherente a su cargo como encargado de dirigir el proceso de determinación de causa para arresto. A su vez, dicho resultado le restaría herramientas a los tribunales –principales guardianes de las garantías estatutarias y constitucionales– para velar que los ciudadanos no sean procesados de forma dispar por causas contrarias a la ley.

Debemos tener presente que justificar ante el magistrado la decisión de someter un caso en ausencia y reconocer que es éste quien debe tomar la decisión final al testimonio del denunciante o sus testigos. Pueblo v. Irizarry Quiñones, *supra*, pág. 562.

respecto, constituye un requisito de cumplimiento sencillo que no le impone una carga excesiva al Estado. Dicho requisito de fácil cumplimiento puede redundar en marcados beneficios; a saber, propiciar la economía de energía policial y judicial, en cuanto permitiría que el magistrado adquiera jurisdicción sobre la persona tan pronto haga la determinación afirmativa de causa probable[9]; evitar que los ciudadanos que opten por acudir a la vista de determinación de causa para arresto sean puestos bajo arresto en lugares o circunstancias penosas; y, en algunas ocasiones, reducir el riesgo de una determinación errónea que pueda culminar en una privación de libertad innecesaria.

Por otro lado, somos del criterio que la norma establecida responde a lo que ha sido la práctica generalizada en los tribunales del país. Tomamos conocimiento de que hasta tan reciente como el año 2005 la práctica había sido citar a los imputados de delito a la vista de determinación de causa para arresto y prescindir de la citación sólo en circunstancias excepcionales. El cambio en el proceder de los miembros del Ministerio Público responde más bien a una muy reciente política administrativa de dicha entidad basada en evitar la citación de los imputados sin proveer las justificaciones correspondientes. Sin embargo, habiendo sido la práctica hasta fecha reciente citar a los imputados de delito a la vista de determinación de causa para arresto, y considerando los marcados beneficios que ello puede generar, no vemos razones de peso que inclinen la balanza en favor de la norma propuesta por el Procurador General.

---

[9] Véase, a esos fines, J.M. Canals Torres, *supra.*

Finalmente, estamos convencidos de que este resultado no es incompatible con la naturaleza informal y generalmente no adversativa de la determinación de causa probable para arresto. De hecho, hemos sido claros al reconocer el carácter básico y fundamental de lo dispuesto en Pueblo v. Irizarry Quiñones, *supra*, a los efectos de que el derecho del imputado a una participación activa en el proceso puede depender de los métodos seleccionados por el Fiscal para someter el caso y, sobre todo, de la sana discreción del juzgador. Por tanto, el resultado alcanzado no altera la norma de que los derechos del imputado en esta etapa procesal no son absolutos aun cuando esté presente. Ello, claro está, tampoco representa un impedimento para que se celebre la vista de determinación de causa para arresto en ausencia del imputado cuando éste, habiendo sido citado, no ha comparecido a la audiencia correspondiente o cuando –a juicio del magistrado– se configura una situación excepcional que justifica dicho proceder.

Aclarado lo anterior, pasamos a disponer concretamente de los casos ante nuestra consideración.

## III

En los casos de autos, el Estado sometió para determinación de causa para arresto una denuncia en contra de los recurridos sin ofrecer fundamento alguno para ello. A pesar de que el magistrado solicitó expresamente que el Ministerio Público expusiera sus razones para someter los casos sin citar a los señores Rivera Martell y Vega Pérez, el Fiscal se negó a hacerlo y, en su lugar, recurrió ante el Tribunal de Apelaciones.

Dicho proceder, sin duda, es contrario a derecho toda vez que recae en la discreción del magistrado permitir que

la vista se celebre en ausencia del imputado. Para ello, el magistrado debe pasar juicio sobre la suficiencia de las justificaciones provistas por el Ministerio Público para no haber citado a los imputados a la determinación de causa para arresto. Dado que en estos casos el Estado se negó a proveer las razones que justificaban esa medida, el magistrado no estaba en posición de determinar la validez o suficiencia de las mismas.

Por tanto, actuó correctamente el foro de instancia al detener los procesos hasta tanto se le presentaran las razones que ameritaban someter los casos para determinación de causa para arresto sin citar previamente a los señores Rivera Martell y Vega Pérez. En consecuencia, no erró el Tribunal de Apelaciones al sostener su validez.

## IV

Por los fundamentos que anteceden, se confirman los dictámenes emitidos por el Tribunal de Apelaciones en los casos Pueblo v. Carlos Rivera Martell, KLCE-2006-1702 y Pueblo v. Jovet Vega Pérez, KLCE-2006-1769 y, en consecuencia, los del Tribunal de Primera Instancia, Sala de Investigaciones de Mayagüez, referentes a dichos procesos. Se devuelven los casos al foro de instancia para procedimientos ulteriores de conformidad con lo aquí resuelto.

Se dictará Sentencia de conformidad.


Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Pueblo de Puerto Rico  *
                       *
     Peticionario      *
                       *
        v.             *              CC-2007-125
                       *
Carlos Rivera Martell  *
                       *
     Recurrido         *
**********************              Certiorari
Pueblo de Puerto Rico  *
                       *
     Peticionario      *
                       *
        v.             *              CC-2007-132
                       *
Jovet Vega Pérez       *
                       *
     Recurrido         *              Consolidados
**********************

SENTENCIA


San Juan, Puerto Rico, a 22 de abril de 2008.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se confirman los dictámenes emitidos por el Tribunal de Apelaciones en los casos Pueblo v. Carlos Rivera Martell, KLCE-2006-1702 y Pueblo v. Jovet Vega Pérez, KLCE-2006-1769 y, en consecuencia, los del Tribunal de Primera Instancia, Sala de Investigaciones de Mayagüez, referentes a dichos procesos. Se devuelven los casos al foro de instancia para procedimientos ulteriores de conformidad con lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez disiente con opinión escrita.



                         Aida I. Oquendo Graulau
                       Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Pueblo de Puerto Rico<br>        Peticionario<br><br>                v.<br><br>Carlos Rivera Martell<br>        Recurrido<br><br>Pueblo de Puerto Rico<br>        Peticionario<br><br>                v.<br><br>Jovet Vega Pérez<br>        Recurrido | CC-2007-125<br><br><br><br>cons.<br><br><br><br>CC-2007-132 |

Opinión disidente emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 22 de abril de 2008

Hoy, una mayoría de los miembros de este Tribunal concluye que corresponde al juez que preside la vista de determinación de causa probable para arresto, decidir cuándo procede citar al imputado de delito para que comparezca a dicho procedimiento. Es decir, el Tribunal, mediante *fiat* judicial, enmienda la Regla 6 de Procedimiento Criminal para incluir un requisito no contemplado en ésta. En el proceso de así hacerlo, limita las prerrogativas del Ministerio Público de cómo conducir los procedimientos penales.

Disiento enérgicamente de esta determinación por entender que nuestro derecho constitucional y estatutario no impone al Ministerio Público el deber de citar al imputado, ni de exponer las razones para no hacerlo. Considero que decidir citar al imputado a la vista de causa probable para arresto es una prerrogativa del Ministerio Público en cuyo ejercicio éste goza de amplia discreción. A mi juicio, la determinación de este Tribunal irrumpe,

impermisiblemente, en las facultades de otra Rama de gobierno.

Ello no obstante, en rigor, debo hacer constar que en estos casos el Ministerio Público **no debió haber utilizado el mecanismo de radicación en ausencia contra los aquí imputados**, toda vez que éstos se encontraban bajo **la custodia del Estado** por estar confinados en una institución penal. El proceder del Estado en estos casos apunta, como poco, **a una ausencia de buen juicio**. La falta de buen juicio, sin embargo, aunque lamentable, no invalida el proceso. No hay duda que la utilización indiscriminada de la presentación de cargos en ausencia por el Departamento de Justicia ha llevado a este Tribunal al penoso resultado del día de hoy. Muy mal le ha servido al Ministerio Público esta desafortunada política pública.

Los hechos que motivan el recurso del Procurador General se encuentran consignados en la opinión mayoritaria, por lo que es innecesario repetirlos. Procedo, por tanto, a la discusión de la controversia ante nuestra consideración.

**I.**

**A.**

La sección 10 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico establece que "[s]ólo se expedirán mandamientos autorizando… arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación…". En satisfacción de las exigencias del texto constitucional, la Regla 6 de Procedimiento Criminal dispone un procedimiento para la determinación de causa probable para arresto mediando la figura imparcial del juez y basada en juramento o afirmación. 34 L.P.R.A. Ap. II; *Pueblo v. Irizarry*

*Quiñones*, 160 D.P.R. 544, 559 (2003). Se trata del inicio de la acción penal en nuestro ordenamiento. *Pueblo v. Miró González*, 133 D.P.R. 813, 819 (1993). Expresa el profesor Chiesa que "[l]o importante es que en la vista de causa probable para arresto se provean al magistrado los elementos para que éste pueda inferir la probabilidad de que 1) se ha cometido determinado delito, y 2) el delito fue cometido por la persona contra la cual se determina causa probable". E.L. Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Primera Edición, Colombia, Ed. Forum, 1993, vol. III, sec. 21.3, pág. 29.

Por tanto, lo esencial es que se respeten los requisitos constitucionales, a saber, la intervención de la figura imparcial del juez, la existencia de causa probable cuya determinación esté basada en juramento o afirmación, y la especificidad de la orden. *Pueblo v. Irizarry Quiñones*, *supra*, en la pág. 559. De hecho, hemos sido enfáticos al establecer que, una vez cumplidos dichos requisitos, el método mediante el cual se pruebe la existencia de causa probable es realmente algo secundario.[10] *Id.*

En *Pueblo v. North Caribbean*, 162 D.P.R. 374, 386 (2004), reiteramos que la presencia del imputado no es requisito para la validez de una determinación de causa probable para arresto. De hecho, por lo general, éste no

---

[10] Nos referimos a las varias formas que tiene el Ministerio Público para demostrar la existencia de causa probable, a saber, a base de: (1) la denuncia jurada; (2) la denuncia y las declaraciones juradas que se incluyan con la denuncia;(3) la denuncia y el examen del testimonio del denunciante o sus testigos;(4) las declaraciones juradas que se incluyan con la denuncia;(5) las declaraciones juradas que se incluyan con la denuncia y el examen del testimonio del denunciante o sus testigos;(6) el testimonio del denunciante o algún testigo con conocimiento personal del hecho delictivo; (7) la denuncia, las declaraciones juradas que se incluyan con la denuncia y el examen del testimonio del denunciante o sus testigos. O una combinación de éstas. *Pueblo v. Irrizarry*, *supra*, en la pág. 562.

estará presente en el procedimiento. D. Nevares Muñiz, *Sumario de Derecho Procesal Penal Puertorriqueño*, 8va. Edición, San Juan, Puerto Rico, Instituto para el Desarrollo del Derecho, Inc., 2007, pág. 45. ("Por lo general, la persona no estará presente; precisamente el propósito de la vista es que se ordene su arresto o citación."). *Véase además*, Chiesa, *op cit.*, en la pág. 25. Sin embargo, contradictoriamente, la Regla 6 de Procedimiento Criminal reconoce el derecho del imputado a estar asistido de abogado, a contrainterrogar a los testigos en su contra y a ofrecer prueba en su favor. 34 L.P.R.A. Ap. II. Al interpretar dicha disposición, hemos establecido que se trata de un vestigio de la anterior versión de la regla, según establecida por la Ley número 29 de 19 de junio de 1987. *Pueblo v. Rivera Rivera*, 145 D.P.R. 366, 375 (1998).

El antiguo estatuto había creado en nuestro ordenamiento un mecanismo híbrido, de naturaleza adversativa, mediante el cual se **combinaba la vista de determinación de causa probable para arresto con la de determinación de causa probable para acusar**. *Id.*, en la pág. 372. Si el imputado de delito comparecía a la vista representado por abogado y en la misma se examinaba a un testigo con conocimiento personal de los hechos, no sería necesaria la posterior celebración de una vista preliminar. *Pueblo v. Rodríguez López*, 155 D.P.R. 894, 900 (2004). Por lo tanto, la naturaleza adversativa del anterior procedimiento respondía a que el mismo había sido concebido para, en algunas instancias, hacer innecesaria la celebración de la vista preliminar. Sin embargo, al reinstalar el procedimiento informal aún vigente, el legislador, al parecer por inadvertencia, omitió eliminar

la referencia a los derechos que amparaban al imputado de delito bajo el esquema anterior. *Pueblo v. Irizarry Quiñones*, *supra*, en la pág. 558.

A fin de armonizar dichas disposiciones con el carácter poco adversativo de la regla actual, en *Pueblo v. Rivera Rivera*, *supra*, en la pág. 375, establecimos que los derechos a asistencia de abogado, contrainterrogar testigos y ofrecer prueba a su favor sólo se reconocerán si la determinación de causa probable para arresto se hace en presencia del imputado. En *Pueblo v. Irizarry Quiñones*, *supra*, en la pág. 564, aclaramos que, aun así, dichos derechos serían reconocidos limitadamente y su ejercicio estaría sujeto a la discreción del Tribunal. Sólo de esa manera se preserva el carácter informal y poco adversativo del procedimiento dispuesto en la Regla 6 y se evita que el mismo se convierta en una "pre-vista preliminar" o mini-juicio. *Id.* en la pág. 563. *Véase además*, Chiesa, *op cit.*, en la pág. 26.

De lo anterior podemos colegir que el procedimiento actual de determinación de causa probable para arresto es uno informal y poco adversativo en cuyo trámite el Ministerio Público goza de amplia discreción para escoger el método mediante el cual demostrará que se ha cometido un delito por el imputado. El ejercicio de dicha discreción no está sujeto a la presencia del imputado en el procedimiento.

Sostiene la opinión mayoritaria que una interpretación armoniosa de las disposiciones de la Regla 6 exige concluir que no puede dejarse a merced del Ministerio Público, a quien corresponde encausar al imputado, elegir cuándo citarlo a la vista de determinación de causa para arresto. Ello porque de su comparecencia depende la aplicabilidad de

los derechos a asistencia de abogado, representación legal y contrainterrogatorio de testigos que reconoce la Regla 6.

Desatiende la mayoría, sin embargo, que la letra de la Regla 6 no exige al Ministerio Público citar al imputado. Parece lógico pensar que si esa hubiese sido la intención del legislador, así lo hubiese hecho constar claramente. La Regla tampoco requiere la presencia del imputado para la validez de los procedimientos. Al respecto expresa el profesor Chiesa que el silencio de la Regla parece dejar "a la total discreción del Estado citar o invitar al denunciado a la vista de determinación de causa probable para el arresto". Chiesa, *op cit.*, en la pág. 26. Más aún, según reconoce la opinión mayoritaria, **el propio lenguaje de la disposición parte de la premisa de que el imputado no está presente en el procedimiento**. Por lo tanto, el hecho de que se permita la comparecencia del imputado al procedimiento de Regla 6 o de que se le reconozcan ciertos derechos al comparecer al mismo, no implica que el Ministerio Público venga obligado a citarlo. Tampoco que dicha institución tenga que demostrar, mediante presentación de prueba, las razones para no hacerlo con el fin de que el magistrado determine si procede la celebración de la vista en su ausencia.

Como expresamos en *Pueblo v. Irizarry Quiñones*, *supra*, en la pág. 561, a los efectos de que "no debemos establecer restricciones o limitaciones, ni hacer distinciones que la propia regla no impone".

**B.**

En segundo término, entiendo que, en ausencia de expresión legislativa en contrario, es al fiscal a quien corresponde decidir cuándo citar al imputado para que comparezca a la vista de determinación de causa para

arresto.  Ello porque así surge de sus prerrogativas y funciones según definidas por la Constitución y las leyes creadas a su amparo.

Como sabemos, en nuestro sistema de separación de poderes, la función de velar y hacer cumplir las leyes recae sobre la Rama Ejecutiva, en particular, el Departamento de Justicia.  3 L.P.R.A. sec. 292 (2004 & Supl. 2007); *Pueblo v. Tribunal Superior*, 94 D.P.R. 59, 65 (1967); *Pueblo v. Pérez Casillas*, 126 D.P.R. 702, 710 (1990).  Es en los fiscales de dicho Departamento en quienes reside "la función de procesar a todos los delincuentes por los crímenes y delitos de que pueda conocer bajo la autoridad y en representación del Estado Libre Asociado de Puerto Rico".  *Pueblo v. Quiñones, Rivera*, 133 D.P.R. 332, 338 (1997); 3 L.P.R.A. sec. 294x (2004 & Supl. 2007).

Hemos expresado que los poderes del fiscal incluyen "la facultad y responsabilidad de investigar los hechos delictivos y [de tomar] la decisión de a qué persona acusar y procesar criminalmente, y por qué delito".  *Pueblo v. Dávila Delgado*, 143 D.P.R. 157, 170 (1997).  Igualmente, el Ministerio Público posee la capacidad de realizar alegaciones preacordadas con la defensa de personas implicadas en la comisión de delitos, Regla 72 de Procedimiento Criminal, 34 L.P.R.A. Ap. II; y de ejercer su criterio al decidir si proseguir con procedimientos ulteriores a la vista preliminar.  Regla 24 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

Como señalé anteriormente, en el caso específico del procedimiento dispuesto en la Regla 6, el fiscal tiene la potestad de decidir cuál método utilizar para lograr la determinación de causa probable para arrestar o si una

combinación de los dispuestos en la regla a tales efectos. De hecho, el alcance de los derechos del imputado en dicha etapa de la acción penal varía en función del método escogido por el fiscal en el ejercicio de su discreción. *Pueblo v. Irizarry Quiñones*, *supra*.

En el descargo de dichas funciones, el fiscal posee amplia discreción. *Pueblo v. Dávila Delgado*, *supra*. Ahora bien, no cabe duda de que dicha discreción no es absoluta, sino que está limitada por consideraciones de índole constitucional y de política pública. *Pueblo v. Pérez Casillas, supra*, en la pág. 712; *Pueblo v. Dávila Delgado, supra*. Así por ejemplo, "la decisión de procesar no puede estar basada en clasificaciones impermisibles, como raza y religión". *Pueblo v. Dávila Delgado*, *supra*, en la pág. 171. *Citando a*, Chiesa, *op cit.*, volumen II, en la pág. 578.

Igualmente, es un principio reconocido que "la oficialidad de su cargo no… impone [a los fiscales] una obligación inexorable". O.E. Resumil, *Práctica Jurídica de Puerto Rico, Derecho Procesal Penal*, Equity Publishing Company, 1990, Tomo 1, sec. 5.14, pág. 91. Su fin primordial como representantes del Estado es hacer justicia, no ganar casos. *Pueblo v. Delgado López*, 106 D.P.R. 441, 444 (1977). Por tanto, como funcionarios públicos, su compromiso con la justicia sobrepasa su obligación principal y sirve de guía en el desempeño de sus funciones.

En base a lo anterior, entiendo que decidir si citar o no al imputado al procedimiento de Regla 6 es una función inherente a las facultades investigativas del fiscal, en quien reside la responsabilidad y el deber de tramitar la

acción penal en representación del Estado como parte.[11] Como ocurre con el resto de sus funciones, al ejercerla, el fiscal goza de amplia discreción. Ahora bien, dicha discreción no es absoluta, sino limitada por los derechos constitucionales del imputado y por las consideraciones de política pública que hemos discutido.

La mayoría entiende, sin embargo, que permitir al Ministerio Público decidir cuándo citar al imputado de delito al proceso de determinación de causa probable para arresto se presta para acciones discriminatorias e irrazonables por parte del Estado. Sin embargo, como hemos visto, nuestro ordenamiento parte de la premisa de que dicha entidad no es guiada por el afán de ganar casos, sino por el del esclarecimiento de la verdad y del logro de la justicia. Así, reconoce la discreción del Ministerio Público a lo largo de la acción penal y establece el efectivo control de su ejercicio al imponer límites a la misma. Dichos límites proveen la protección necesaria al imputado frente a actuaciones discriminatorias o arbitrarias del Estado. Por tanto, la interpretación que propongo no impide que, en caso de que el Ministerio Público proceda discriminatoriamente en contra de un imputado, este último pueda hacer un planteamiento al amparo de la cláusula de igual protección de las leyes.

En suma, la decisión de la mayoría añade un elemento o requisito al procedimiento de determinación de causa

---

[11] En *Pueblo v. North Caribbean*, *supra*, en la pág. 384, expresamos, en el contexto de la vista de determinación de causa probable para arresto en alzada, que "el tribunal tiene la facultad de expedir u ordenar la citación, tanto del imputado como de los testigos de cargo anunciados, **cuando el fiscal o los agentes lo solicitan**". (énfasis suplido). Dicha expresión, a mi entender, reconoce y apoya la conclusión a los efectos de que la facultad de decidir si citar o no al imputado reside en la fiscalía.

probable para arresto que la propia Regla 6 de Procedimiento Criminal no contempla. Al hacerlo, coarta impermisiblemente la discreción de que goza el Ministerio Público en el desempeño de sus prerrogativas en la fase investigativa de la acción penal. No puedo estar de acuerdo con dicho resultado. En su lugar, hubiera revocado la determinación del Tribunal de Apelaciones y ordenado la celebración de la vista de causa probable para arresto en ausencia de los imputados.


                        Anabelle Rodríguez Rodríguez
                            Juez Asociada